CORNING (BURDEN v.). See Cases Nos. 2,-143 and 2,144.

---

## Case No. 3,246.

### CORNING et al. v. BURDICK.

[4 McLean, 133.] [1]

Circuit Court, D. Michigan. June Term, 1846.

ALIAS EXECUTION — SATISFACTION OF JUDGMENT BY LEVY — MALFEASANCE OF MARSHAL — FALSE RETURN.

1. An alias execution can not be issued until the return of the first execution.

2. If such execution should be shown to have been lost or destroyed, the court might order an alias.

3. When personal property has been levied on, sufficient to satisfy the judgment, it is presumed to be satisfied. But, if such property, on being sold, should not be sufficient, an alias may issue.

4. An officer is liable for malfeasance where he disposes of the property, to the injury of the defendant, without complying with the requisites of the law.

5. The officer will always be presumed to have done his duty.

6. The remedy against him is, by an action for a false return.

Mr. Douglass, for plaintiffs.
Joy & Porter, for defendant.

OPINION OF THE COURT. This is an application for an alias fi. fa. Judgment was rendered the 30th of June, 1840. Execution issued, returnable the first Monday in August ensuing. The marshal being compelled by rule and attachment, on motion of plaintiffs [Corning and Horner], returned the execution that he had made $1,473.68; and that certain property was on hand unsold, for want of bidders. This return being defective and incomplete, subsequent proceedings were had by the plaintiffs, by which the marshal was required to make a corrected return. This he filed January 8th, 1845, showing what property was levied upon, how it was disposed of, the amount of money made, and nulla bona as to the residue. The plaintiffs, it is insisted on, have a right to take out an alias fi. fa. as a matter of course, without this special application, under the 90th rule, two years not having elapsed since they were

---

[1] [Reported by William H. Crabbe, Esq.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

entitled to sue out the same. No alias can issue until the original fi. fa. has been completely executed and returned. Grah. Pr. 351; Archb. Pr. 436. There can be no doubt that the first execution must be executed before an alias can issue; but it is supposed that if, after executed, the writ should be lost, or by accident destroyed, its return might be dispensed with. This motion is offered on the ground that the first execution was levied on personal property, sufficient to satisfy the judgment. And this is sworn to by the defendant.

And for the defendant [Justus Burdick], it is contended that a levy on personal property, sufficient to discharge the debt, is a satisfaction, even though the officer wastes the property, or loses the money. 5 Dana, Abr. 17, 18; 4 Mass. 402; 1 Salk. 323; 2 Saund. 47, note 1; 6 Mod. 292; Cow. & H. Notes, 1046, 1047, 1083, 1087.

Where a levy has been made, there can be no alias fi. fa. until the goods taken shall be sold, and, especially, where the goods levied on may be sufficient to satisfy the execution. Until the sale shall be made, the execution, by the levy, must be considered as satisfied. And if the property be lost through the negligence of the sheriff or marshal, he is liable to the plaintiff, whose agent he may be considered for the purpose of making the judgment, by a sale of the property. For malfeasance, the officer may also be responsible to the defendant. In this case, it is alleged that there has been malfeasance, which is alleged to consist in the sale of a very small part of the property at private sale. The marshal is undoubtedly liable to the party injured, if he has disposed of any part of the property levied on, in a way which the law did not authorize. But the marshal has made his return, that he made the levy on the property, sold it for a certain sum, which leaves a balance on the judgment unsatisfied; and he says there is no other personal property, out of which he can make the residue. And an alias fi. fa. is asked by the plaintiff. This return is conclusive, and can not be contradicted. 4 Phil. Ev. 1087-1089; Har. Dig. 2486; 7 Comyn, Dig. "Return," F, p. 287.

The best evidence of the value of the property, is the sale of it by the officer. On execution, personal property rarely sells for its value, and it would be a new principle, if the plaintiff in the execution should be held responsible for the value of the property, at whatever price it might sell. Misconduct in the officer is not presumed, but must be shown. A failure to comply with the requisites of the law would subject the officer to damages, if the property were sold greatly below its value. Where the return of the officer is made, as in this case, on the presumption that he has done his duty, the plaintiff may ask for an alias. If the defendant has been injured, he has his remedy against the marshal. When a sci. fa. is brought to revive a judgment, on which execution has been issued, and levied upon personal property, and remains unreturned, the judgment will be regarded as satisfied. No action can be maintained on a judgment, while there is an outstanding execution levied and unexecuted. It is believed there is no case where the execution had been returned, showing a deficiency of property, that its sufficiency in value might be shown in an action on the judgment, in bar of the execution. The truth of the return can not be thus controverted. This can only be done by an action for a false return.

The motion of the plaintiff for an alias fi. fa. is granted.