## FRY *v.* MANLOVE *et al.*

1. SATISFACTION OF EXECUTION BY LEVY. *Supersedeas avoids.* An execution upon a judgment against a principal and two sureties issued, and was levied on sufficient personal property; before its satisfaction writs of *certiorari* and *supersedeas* were granted upon the principal's petition, and his property was restored. The suit thus pending was abated by the principal's death, when an alias execution issued against the sureties, who defend by insisting that the original execution was satisfied by the former levy.

Fry *v.* Manlove *et al.*

*Held,* the essence of the satisfaction is the levy, and this being annulled by the mandate of the law, there is no satisfaction, and the debt is still due.

Cases cited: Mountney *v.* Andrews, Cro. Eliz., 237; 1 Salk., 322; 2 Lord Ray., 1,072; 2 Tidds Pr., 1,049; Green *v.* Burke, 23 Wend., 490; The People *v.* Hopson, 1 Denio., 578; Ladd *v.* Blunt, 4 Mass., 402; U. S. *v.* Dashiel, 3 Wall., 699; Taylor *v.* Ranney, 4 Hill, 621; Cuming *v.* Burdick, 4 McLean, 133; Reynolds *v.* Rogers, 5 Ohio, 169; Young *v.* Read, 3 Yerg., 298; Pigg *v.* Sparrow, 3 Hay., 144; 3 Yerg., 298–9; 2 Swan., 292; Cook *v.* Smith, 1 Yerg., 148; Clark *v.* Bell, 8 Hum., 28; Mc-Canney *v.* Lawson, 3 Head., 356; Finley *v.* Kent, 1 Head., 123; *in re* King, 2 Dev. Rep., 241; Code, § 3,132.

2. SAME. *Same. Bond for supersedeas No merger of the original liability.* The bond for *supersedeas* is a totally different instrument from the ordinary delivery bond. It destroys the effect of the levy, but is in no sense a merger of the original liability, as it existed prior to the levy.

FROM DAVIDSON.

Appeal from the Circuit Court. E. CARY, Circuit Judge.

GUILD & DODD for Fry.

NEIL. S. BROWN for Manlove.

SNEED, J., delivered the opinion of the Court.

The defendants were the securities upon a promissory note to plaintiff, executed by W. B. Young, upon which a judgment was rendered by a Justice of Davidson County, on the 14th day of April, 1860, against the principal and sureties. An execution was issued upon the judgment to a constable of said county on the 2nd of October following, which was levied

17

on the next day upon certain personal property of Young, the principal, shown to have been amply sufficient for the satisfaction of said execution. The officer left the property in the possession of the defendant, Young, and would have duly proceeded to advertisement and sale but for the writs of *certiorari* and *supersedeas* obtained upon the petition of the defendant, Young, by which all further proceedings were suspended, and the case brought before the Circuit Court of Davidson County, where, for several years, it lingered upon the docket, and was finally abated by the death of the defendant, Young. In October, 1866, the plaintiff caused an alias execution to be issued against the said sureties, the defendants, Manlove and Waggoner, which was superseded upon the petition of the defendants, filed in said Circuit Court. The sole ground assumed in the defendants' petition for *certiorari* and *supersedeas* is, that the levy of the 3rd of October, 1860, upon personal property of the defendant, Young, sufficient to satisfy the execution, operated in law as a satisfaction and discharge of said judgment. Upon the trial in the Circuit Court, the Court charged the jury that "the levy of said execution upon property of the said Young, if it was of value sufficient to satisfy said *fi. fa.*, was a satisfaction of the same, and the said Young superseding the execution would not prevent said satisfaction." The verdict and judgment were for the defendants, and the plaintiff has appealed in error.

It is no modern doctrine of the common law that

the levy of an execution upon property of defendant sufficient to pay it, is a discharge of the judgment. It was said in the English case of *Mountney* v. *Andrews*, that to a *scire facias* on a judgment the defendant may plead execution on a *fi. fa.* for the same debt, without showing that the writ is returned —Cro. Eliz., 237—and so it was said in a later English case, of *Cleek* v. *Withers*, that when the defendant's goods are seized on a *fi. fa.* the debt is discharged. 1 Salk., 322; 2 Lord Ray., 1,072. This doctrine has been followed in this country, and has been repeatedly announced in this Court. But it must be taken with certain well-defined qualifications, and we must bring to our aid the "reasons of the law" in giving it application to cases as they arise. There are cases in which this doctrine will not apply, and the "reasons of the law" will identify those cases as they may arise. In 2 Tidds Pr., 1,019, the rule is thus stated: "When the sheriff has taken the defendant's goods upon a *fieri facias* to the amount of the sum directed to be levied, the defendant is discharged. But when two persons are jointly and severally bound, and execution is had against one of them, and his goods are seized but not sold, this can not be pleaded in an action of debt against the other obligor, because it is no actual satisfaction." In the case of *Green* v. *Burke*, 23 Wend., 490, it is said that "a levy by virtue of an execution is not always a satisfaction of the judgment, although the property levied on be of sufficient value to satisfy the execu-

tion. If the levy fail to produce satisfaction, in fact, without any fault of the plaintiff, he may proceed to obtain execution." And it was said, in the case of *The People* v. *Hopson*, 1 Denio., 578, that "if the broad ground has not yet been taken, it is time it should be asserted that a mere levy upon sufficient personal property, without more, never amounts to a satisfaction of the judgment." The learned Judge, in the same case, declares the true rule to be that the judgment is satisfied when the execution has been so used as to change the title, or in some way deprive the debtor of his property." And in *Ladd* v. *Blunt,* 4 Mass., 402, Parsons, C. J., rests the rule upon the ground that "by a lawful seizure the debtor has lost his property in the goods." The Supreme Court of the U. S. seems to have adopted this view, in the case of *U. S.* v. *Dashiel,* in which Mr. Justice Clifford says: " When the goods seized are taken out of the possession of the debtor, and they are sufficient to satisfy the execution, it is doubtless true that if the marshall or sheriff wastes the goods, or they are lost or destroyed by the negligence or fault of the officer, or if he misapplies the proceeds of the sale, or retains the goods and does not return the execution, the debtor is discharged ; but if the levy is over-reached by a prior lien, or is abandoned at the request of the debtor, or for his benefit, or defeated by his misconduct, the levy is not a satisfaction of the judgment." " Rightly understood," continues the learned Judge, "the presumption is only a *prima facie*

one in any case, and the whole extent of the rule is, that the judgment is satisfied when the execution is so used as to change the title of the goods, or in some way to deprive the debtor of his property." 3 Wall., 699. The Court quotes and adopts the words of Bronson, C. J., in the case of *Taylor* v. *Ranney*, 4 Hill, 621, where he says: "If the property be lost to the debtor in consequence of the legal measures which the creditor has pursued, the debt is gone, although the creditor may not have been paid. Under these circumstances the creditor must take his remedy against the officer, and if there be no such remedy he must bear the loss." *Ib.*, 699, 700. In the case of *Cuming* v. *Burdick*, 4 McLean, 133, it is said that a levy on sufficient personal property is presumed to be a satisfaction of the judgment, but if it prove insufficient an alias may issue; and · in *Reynolds* v. *Rogers*, 5 Ohio, 169, it is held to be a satisfaction of the judgment only while the levy remains in force and undisposed of.

In reviewing some of our own cases upon the subject, the reason of the rule is made apparent. In *Youny* v. *Read*, 3 Yerg., 298, Judge Peck says, on this point, that the levy of an execution upon property of the debtor sufficient to satisfy the demand, is in law a satisfaction of the judgment, was ruled without a dissenting voice in this Court, in *Pigg* v. *Sparrow*, 3 Hay., 144, and he says the rule is founded on reasons obvious to every lawyer. It can not be tolerated to let an officer exercise the discretion of

abandoning at his pleasure the property he has seized; nor can it be permitted that the plaintiff in the execution shall, by his order or assent, change the direction which the law affixes to final process in the hands of officers. 3 Yerg., 298, 299. The levy upon the personal property vests the title in the officer making the levy. 2 Swan, 292. And, in the words of Catron, J., in *Cook* v. *Smith,* 1 Yerg., 148: The moment the levy is made the property is in the custody of the law; if enough be levied, the defendant is forever discharged, and the officer levying is liable for the debt. 1 Yerg., 148. And so says Green, J., in *Clark* v. *Bell,* 8 Humph., 28: "If the property of the principal has been taken in execution to an amount sufficient to satisfy the execution, the sureties are discharged." Now it is manifest that the reason of the rule is, that the moment the levy is made the title is divested out of the defendant and vssted in the officer. The officer then is lawfully in possession of property sufficient to discharge the debt, and he and his official sureties are substituted as the plaintiff's debtors instead of the original defendants. And when the reason of the rule ceases, the rule ceases with it. The officer is thenceforth bound to make good the debt, so long as the possession and the title remain in him, and if he wastes the goods or converts them he is still bound, and the judgment against the original parties is discharged. It is then a temporary satisfaction, and becomes permanent when the divesture of the title becomes permanent. Or if

the officer, with or without the concurrence of the plaintiff, abandons the levy and restores the goods to the defendant, then, as to the principal debtor, there is no satisfaction, because . the title and the possession have reverted without actual payment; the rights of sureties, however, in such a case, may rest upon a different principle, not necessary now to be considered. But a very different case is presented where the temporary title of the officer is divested without fault of his or the plaintiff, and by act of law. The reason of the rule then ceases, and the officer is no longer liable to the plaintiff, but is *instanter* released from liability. The title reverts to the defendant, and in law, as in fact, there has never been any satisfaction of the debt. The fictitious satisfaction created by the levy no longer exists, and the parties stand in *statu quo*, as they stood before the levy was made. The writ of *supersedeas*, in the words of the statute, "effectually supersedes all furher proceedings." Code, § 2,132. And the effect of the service of the writ, say this Court, in *McCanney* v. *Lawson*, 3 Head., 256, is to release the property and authorize the officer to return it to the debtor.

Now if the levy by which the debtor is forever deprived of his property, and the liability being thus shifted to the officer, be the foundation of the rule, then it must follow that where the title reverts, and the possession follows, and the officer is by the act of law released, the rule no longer applies, and there is no satisfaction. And we are aware of no prin-

ciple which would place the securities upon any higher ground than the principle in such a case. As a matter of fact, the debt is still due, and there is no longer any levy in existence which works the fictitious satisfaction of the law. Nor can the bond given upon obtaining the *supersedeas* affect the question. It is a mere additional security for the debt. The essence of the satisfaction is in the levy, and this being annulled by the mandate of the law, there is no satisfaction. It is, of course, otherwise if the levy had been abandoned. *Finley* v. *Kent*, 1 Head., 122. The officer being no longer liable, the debt, which by the levy was temporarily thrown upon the officer, becomes again the debt of the original parties, and must so remain until it is discharged. Thus it was held by the Supreme Court of North Carolina that " a seizure of goods upon an execution is a constructive payment only when, unless so considered, an injury will occur, as when the sheriff has seized, but will not sell. But in all cases where the defendant has got back the goods, with or without the consent of the sheriff, the seizure is no payment, and a new execution may issue, and this whether there be several defendants or only one. *In re King*, 2 Dev. Rep., 341.

The bond for *supersedeas* is a totally different thing from the ordinary delivery bond. It destroys the effect of the levy, but is in no sense a merger of the original liability, as it existed prior to the levy.

Let the judgment be reversed and the case remanded for a new trial.