TotteN, J.,
delivered the opinion of the court.
*106 This case came into the circuit court on petition for certiorari. The injury complained of is, that the property of the debtor exempt by the poor laws from execution, has been levied and taken at the instance of the ■creditor. The petition prays that this illegal levy be quashed.
We see no objection to this mode of redress for the injury complained of. It is an abuse of process to levy it on property of the debtor, exempted by law from execution, in like manner as it is an abuse to levy it after the debt has been satisfied. The justice who issued the execution has no power to correct this abuse, but the circuit court, in virtue of its general revisory jurisdiction, may supercede and quash the levy. It is true, that the officer and the creditor also, if he advise the levy, are liable to an action for the value of the property thus illegally taken, and the officer is subject to indictment as for a misdemeanor, (1820, ch. 11, §1;) but the object of the poor laws is, to secure the poor in the possession and use of the means necessary for their subsistence.
The remedy by action implies, that the exempted property has been taken from them, and that the recovery of its value will be a full compensation for the injury. But, in the ¿ean time, they may greatly need it for their comfort and subsistence. The little .corn they have may be needed for bread; an only horse be needed for the plough; and so of other necessary articles. The present mode of redress prevents the injury from being consummated, and permits the exempted property to remain in the possession and use of the debtor. . Nor can any inconvenience result from this practice, for the judge may, if he think it proper, submit the issues of fact to a jury, as in other cases of contested facts.
*107 Tbe circuit court dismissed tbe petition, and entered judgment for tbe amount of tbe judgment before tbe justice. Tbe petition was subject to be dismissed for not stating whether any former supersedeas had been granted. The Act of 1821, cb. 7, is peremptory on this -point. But the action of tbe court was improper in rendering judgment for the debt. There was already a judgment for that before the justice, remaining in full force, and it was not intended, by the present proceeding, to revise or disturb it. The object was merely to correct an abuse of the execution. The proper action was, to give judgment for costs and award a procedendo to the justice, (Kincaid vs. Morris, 10 Yer. R. 252,) the certiorari being, in the present case, in the nature of an audita querela at the common law.
The judgment will be reversed, and. the proper judgment be rendered in this court.
Judgment reversed.