Littleton *v.* Yost.

3L 267
9L 333

## W. N. LITTLETON *v.* E. A. YOST.

1. SUPERSEDEAS. *Liability of securities on bond. New judgment. Lien of levy upon land.* Upon the dismissal of a writ of *supersedeas,* granted upon a petition to the circuit court to supersede and quash an execution from said court which had been levied upon petitioner's land, a judgment may be rendered against the petitioner and his security upon the *certiorari* and *supersedeas* bond, and also an order of sale of the land levied upon. The lien on the land acquired by the levy of the execution improperly superseded is still in force, and can be maintained notwithstanding the new judgment.

2. SAME. *Costs.* In this case the facts developed that a portion of the judgment had been paid, but inasmuch as the whole execution was superseded the petitioner was liable for costs.

### FROM ROANE.

Appeal in error from the Circuit Court of Roane county. E. T. HALL, J.

W. B. STALEY for Littleton.

No counsel of record for Yost.

McFarland, J., delivered the opinion of the court.

This was a petition to the circuit court to super-
sede and quash an execution issued from said court
and levied upon petitioner's land upon the ground that
the judgment had been paid and satisfied in full, or
if not in full that petitioner was entitled to further
credits, satisfying the judgment except a small sum.
Issues were submitted to a jury, who found that the
judgment had been paid except the sum of $230.08.
The execution having been issued for a larger sum,
the court gave judgment against the petitioner and his
security on the *certiorari* and *supersedeas* bond for said
sum of $230.08 and the costs, and also awarded an
order of sale to sell the land so levied upon to sat-
isfy said sum.

The petitioner appeals, and his counsel assign two
errors. First that the court erred in ordering a sale
of the petitioner's land under the levy of the execu-
tion; and second, in adjudging the costs against the
petitioner.

First, it is argued that the effect of the *certiorari*
and *supersedeas* was to discharge the levy of the exe-
cution and restore the property to the petitioner, sub-
stituting the bond and security in the place of the
property levied upon. To support this position we
are referred to the case of *McCamey* v. *Lawson,* 3
Head, 256. That case decides that such is the effect
of a *supersedeas* upon the levy of personal property,

but concedes that such is not the effect as to a levy upon land, and refers to the case of *Overton* v. *Perkins*, M. & Yer., 373, which was an injunction bill, and in which it was held that the lien of an execution was not lost by the suspension of the sale by an injunction afterward dismissed, and it is said in substance that in strictness the rule ought to apply to personalty, but as to personalty an exception had to be made from necessity, for otherwise the property would perish often, and be lost pending the litigation. See also 8 Yer., 460. Previous to the Code when the writs were, as in this case, as a substitute for the writs of *audita qurella* the practice was not to render a new judgment on dismissal of the writs, but to proceed simply to execute the former judgment, and if the case came from a justice to award a *procedendo*. *Kincaid* v. *Travis*, 10 Yer., 252; *Jones* v. *Williams*, 2 Swan, 107, and other cases. But this was changed by the Code, and now the practice is well settled that in this character of case, as well as where the writs are used to obtain a new trial, upon a dismissal, a new judgment is rendered against the petitioner and surety for the amount improperly superseded. See 1 Head, 558, and other authorities collected in note to section 3137, T. & S.'s Code. The question would then be whether a lien on land acquired by levy of the execution improperly superseded could still be maintained and enforced, notwithstanding the new judgment. In cases of executions of justices of the peace, brought up by *certiorari* to be quashed, some practical difficulty might exist in giving a creditor both a new

judgment on the bond and also the benefit of the lien acquired by levy of the execution, but in cases like this, superseding an execution of the circuit court when the *supersedeas* is dismissed, no serious difficulty would be in the way of allowing the creditor both remedies, and we are of opinion that in such a case the lien of the execution is not lost, but that the creditor is entitled in addition to judgment on the bond.

The present case presents this difference, that the levy sought now to be enforced was under an execution claiming a balance of over $500, whereas in reality only $230.08 was due. The effect of the judgment, however, is simply to quash the execution as to the excess, but enforce it as to the remainder, and the judgment is therefore correct. The next question is as to the costs. It is argued that as petitioner was forced to take steps to obtain the credits on the execution to which he was entitled, and having actually obtained the credit and shown that the execution was being run for near $300 too much, that he was the successful party in the sense of sec. 3197 of the Code, which allows full costs to the successful party, except where otherwise provided.

On the other hand, the petitioner superseded the whole execution, claiming that it was all paid, instead of pointing out truly, as he should have done, the amount actually paid. Had he taken the latter course the result would have been a successful prosecution of the cause on his part, and he would have been en-

titled to costs.    Having improperly superseded the whole sum, the judgment against him for costs is justified by section 3138 of the Code.

Judgment affirmed.