## THOMPSON *v.* McMILLAN.

### (*Knoxville.*     September 13, 1890.)

1. CERTIORARI AND SUPERSEDEAS.  · *Quashing execution satisfied in part after levy.*

    To quash an execution *pro tanto*, when pressed for its full amount after satisfaction in part subsequent to levy, *certiorari and supersedeas* is a proper remedy.

    Cited: Car. Hist. Lawsuit, Secs. 549, 550.

2. SAME.  *Same.*  *Facts constituting satisfaction in part.*

    After levy of execution issued upon a Magistrate's judgment for $92.25 and costs, the creditor agreed to accept, in full satisfaction of his judgment, the payment of $50 to himself, his attorney's fee, and the costs of the cause.  The debtor paid the $50 to his creditor and all costs, taking receipt against the entire judgment.  He disputed the amount of the attorney's fee, and failed to pay it.  He tendered $10 to the attorney, but the true amount was $25.

    *Held:* That the judgment was satisfied, and the execution should have been quashed, except as to the amount of $25 due to the attorney, with interest.

3. SAME.  *Same.*  *The proper judgment.*

    Where an execution which has been satisfied in part only, has been superseded *in toto*, the Court, after quashing it as to the satisfied part, will not remand and award *procedendo* as to remainder, but will enter judgment upon the bond for *supersedeas* therefor.

    Code construed: ⸳⸳ 3852, 3853, 3854 (M. & V.); ⸳⸳ 3136, 3137, 3138. (T. & S.).

    Cases cited and approved: Mallett *v.* Hutchinson, 1 Head, 558; Littleton *v.* Yost, 3 Lea, 269.

---

FROM  KNOX.

---

Appeal in error from Circuit Court of Knox County.  CHARLES NELSON, Sp. J.

SAYLOR & MOORE for Thompson.

J. C. FORD for McMillan.

CALDWELL, J.   McMillan sued Thompson before a Justice of the Peace, and obtained a judgment for $92.25 and costs of suit.   Execution was issued and levied on personal property belonging to Thompson... He gave a delivery bond, and the property was advertised for sale.

Before the day of sale arrived an agreement was made whereby McMillan was to receive $50 in satisfaction of the judgment, Thompson to pay, in addition thereto, the costs and McMillan's attorney's fees.

In pursuance of this agreement, the $50 were paid, and McMillan executed his receipt to Thompson for the full sum of $92.25.   Thompson also paid the costs, and offered to pay McMillan's attorney $10 as his fee.   This sum was declined by the attorney, who claimed that his fee should be $25.   Thompson refused to pay more than the $10 to the attorney, claiming that such sum would be full compensation for the services rendered.

The execution had not been returned in the meantime, nor had any credit been indorsed upon it; but the Constable still retained it, subject to instruction from McMillan, and presumably for the purpose of selling the property in case Thompson should not pay the $25 claimed by McMillan's attorney.

At this stage of the case, three days before the time the sale was to occur, Thompson filed his petition in the Circuit Court for writs of *certiorari* and *supersedeas,* alleging that what had transpired operated as a full satisfaction of the judgment, and praying that the execution be quashed.

When the papers were returned to the Circuit Court, McMillan appeared and made an unsuccessful motion to dismiss the petition. Thereupon, the case came on to be heard on the motion of Thompson to quash the execution, and on an issue of payment or no payment, based on the facts alleged in the petition. Jury was waived, and the issue submitted to the trial Judge upon full proof on both sides.

Besides the facts already stated, it was shown that McMillan, at the time of the employment, agreed to pay his attorney a fee of $25, and that he was bound to him for that amount when the agreement of compromise was made with Thompson. The *amount* of this fee was not mentioned between McMillan and Thompson; the latter simply bound himself *to pay the fee,* whatever it might be.

The compromise was made and the $50 were paid on November 21, 1889; and, by the agreement, the fee was to be paid on the same day.

The Circuit Judge found the issue in favor of McMillan, overruled the motion to quash, awarded a *procedendo* to the Justice of the Peace, without allowing any credit whatever, and adjudged costs against Thompson.

Motion for new trial was overruled, and Thompson appealed in error.

The remedy resorted to by Thompson, and the issue formed · in the Circuit Court, were proper, whether the payments made were in law an extinguishment of the entire judgment or only a satisfaction *pro tanto*, and he should clearly have had relief in one view or the other. Caruthers' History of a Lawsuit, Secs. 549, 550.

McMillan owed his attorney a fee of $25. Thompson bound himself to pay that fee. When he does so he is entitled to the full benefit of the compromise agreement—a satisfaction of the judgment. The tender of $10 was of no virtue, because that was not the amount due.

By the earlier practice, the Circuit Court should have ascertained the amount of the credits, and awarded a *procedendo* to the Magistrate for the balance; but, under the Code, it should have rendered such final judgment as the merits of the case required, without remanding the case at all. Code (M. & V.), §§ 3852, 3853, 3854; *Mallett* v. *Hutchinson*, 1 Head, 558 ; *Littleton* v. *Yost*, 3 Lea, 269.

Reverse, and enter judgment here for McMillan against Thompson and surety on . his bond for *supersedeas* for the sum of $25, with interest from November 21, 1889, this to be in full of balance of Magistrate's judgment. Thompson will pay costs of Circuit Court, and McMillan costs of this Court.