KEEN *v.* ALEXANDER.

*(Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

Robert F. Brinkley, of Gallatin, for plaintiff in error.

J. W. Murrey, Jr., of Gallatin, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The General Sessions Court of Sumner County awarded Charlie Alexander, defendant-in-error here, a judgment of $156 against Perry Keen, plaintiff-in-error. On an execution issued out of that Court for the collection of this judgment the deputy sheriff levied on a 1938 Ford automobile belonging to plaintiff-in-error, Keen. Keen thereupon filed in the Circuit Court of Sumner County his petition for certiorari and supersedeas.

In his certiorari petition Keen alleged that the fair market value of this automobile, together with the value of all specifically exempt personalty owned by him, does not exceed the sum of $450. Therefore, it is asserted in the petition that this automobile is "not subject to be levied upon under" Section 7701 of the Code Supplement. The last paragraph of that code section provides that if "the head of the family does not own sufficient articles" that are specifically exempt to total $450 then such head

of the family may select additional articles owned by him to an amount sufficient to total $450.

Keen executed and filed in the Circuit Court a supersedeas bond in the amount of $312.70; and the deputy sheriff pursuant to the fiat surrendered the automobile to plaintiff-in-error, Keen.

Subsequently the Circuit Court dismissed the petition for certiorari and directed Keen to immediately return the automobile to the deputy sheriff in as good condition as when received, "or on failure to so do the said Perry Keen and John E. Kelley, the surety on his bond, will pay to the said Charlie Alexander the sum of $312.70 for which judgment is entered  *  *  * ''. Keen's appeal in error makes necessary a decision of the questions hereafter stated and determined.

Keen insists that it was error for the Court to dismiss his petition for certiorari (1) on the ground that certiorari "was not the correct mode to attack an execution issued by a General Sessions Court" and (2) on the ground that the automobile "was not specifically exempt property". The attack made by the petition for certiorari is upon the levy of the execution, rather than the execution. So the question is whether such attack can be made by petition for certiorari.

In the case of *Jones* v. *Williams,* 32 Tenn. 105, the officer was alleged to have levied on personal property expressly exempted by the statute from levy. The question was made as to whether the petition for certiorari to quash such levy was the proper mode of procedure. The Court held that it was, saying that a levy upon exempt property is an abuse of process. This seems to be accepted as stating a correct rule of procedure in our State.

Many years after the decision of *Jones* v. *Williams,* our legislature provided by legislation carried at Section 7701 of the Code Supplement that if the articles expressly enumerated as being exempt to the head of the family do not have a value of $450, then the head of the family may select as exempt articles any additional property owned by him until the total amount of exemption possessed is $450 in value.

If the head of the family indicates to the officer his selection of the additional property allowed, but the officer arbitrarily levies upon it and is proposing to sell it in satisfaction of the judgment then the same reason for procuring relief by certiorari and supersedeas exists as that stated in *Jones* v. *Williams,* supra, wherein it was said with reference to proceeding by petition for certiorari that this ''mode of redress prevents the injury from being consummated, and permits the exempted property to remain in the possession and use of the debtor'', thereby accomplishing the object of the exemption laws. That object is ''to secure the poor in the possession and use of the means necessary for their subsistence''. The petition for certiorari was, therefore, a correct procedure to be followed by Keen in seeking to regain possession of the automobile.

But the petition must allege a state of facts which, if proven to be true, entitles the petitioner to the relief sought. An automobile is not an article expressly exempted by statute. Therefore, the officer's levy thereon and his retention of possession thereafter was not an abuse of process unless and until the judgment debtor elects to claim that automobile as exempt under Code Section 7701, and the sheriff then arbitrarily refuses to surrender its possession as exempt property. Keen's petition for certiorari makes no such allegation. The

record is silent as to whether he selected the automobile as exempt property or sought to regain it prior to the filing of his petition for certiorari. Moreover, that petition for certiorari does not allege Keen to be the head of a family. The exemption in question is limited to the head of the family by the express language of the statute. "To bring himself within the provisions of the statute the party should aver and prove that he is the head of the family * * *". *Wolfenbarger* v. *Standifer,* 35 Tenn. 659, 661. Keen's petition for certiorari does not, therefore, state upon its face a case which authorized the Circuit Court to grant him any relief. It follows that the Court was correct in dismissing his petition.

■ Keen's final insistence is that it was error for the Court to order him to return the automobile to the possession of the levying officer in as good condition as when received, or "on failure to so do the said Perry Keen and John E. Kelley, the surety on his bond, will pay to the said Charlie Alexander the sum of $312.70 for which judgment is entered".

The supersedeas bond in the above referred to order of the Court procured the return of the automobile by the levying officer to Keen, the judgment debtor. The effect of this was "to discharge the lien and authorize the return of the property to the debtor" whereby "the power of the officer over it ceases". *McCamy* v. *Lawson,* 40 Tenn. 256, 257. There is no longer any levy in existence as to this automobile. The title reverted to the debtor. The supersedeas bond which brought that about was mere additional security for a debt as to which there was no lien by reason of a levy. *Fry* v. *Manlove,* 60 Tenn. 256, 262, 265; *Rocco* v. *Parczyk,* 77 Tenn. 328, 335. We think, therefore, that the Court was mistaken in ordering

a return of the automobile to the levying officer. The supersedeas bond took the place of the automobile.

■ But in addition to directing the return of the automobile to the levying officer, it was ordered by the Court that the judgment creditor Alexander have and recover of the judgment debtor Keen and the surety on his supersedeas bond the sum of $312.70. Judgment was entered for that amount. That is the amount of the supersedeas bond and is double the amount of the judgment which Alexander had obtained in the General Sessions Court against Keen. So, the final question is whether the Circuit Court should have rendered any judgment on this bond and, if so, in what amount.

It is the insistence of Keen that on dismissal of his petition for certiorari the Circuit Court should have awarded a procedendo to the General Sessions Court "as the judgment in such cases remains in full force, not being affected in any manner by the certiorari". *Jones* v. *Williams*, 32 Tenn. 105, 106, is cited by Keen in support of this insistence.

Code Section 9005 provides that upon dismissal for any cause of a certiorari in cases of this character judgment shall be entered against the principal "and the sureties on the prosecution bond * * * for the amount recovered * * * with interest at the rate of six per cent per annum from the date of the judgment or decree below". In *Thompson* v. *McMillan,* 89 Tenn. 110, 113-114, 14 S. W. 439, 440, it was said with reference to the practice upon dismissal of petition for certiorari in proceedings of this character that "by the earlier practice the circuit court should have ascertained the amount of the credits, and awarded a procedendo to the magistrate for the balance; but, under the Code, it should have rendered

such final judgment as the merits of the case required, without remanding the case at all''.

*Littleton* v. *Yost,* 71 Tenn. 267, was a case in which a levy had been made upon real estate. It was there insisted that the supersedeas bond ancillary to the petition for certiorari restored the real estate to the petitioner, substituting the bond and security for the real estate levied upon. The Court rejected this insistence in so far as it applied to real estate, but in so doing pointed out that such is the law when the levy is upon personal property. Then the Court said this, 71 Tenn. at page 269:

"Previous to the Code when the writs were, as in this case, as a substitute for the writs of audita querela the practice was not to render a new judgment on dismissal of the writs, but to proceed simply to execute the former judgment, and if the case came from a justice to award a procedendo. *Kincaid* v. [*Morris*] *Travis,* [18 Tenn. 252] 10 Yer. 252; *Jones* v. *Williams* [32 Tenn. 105], 2 Swan. [105], 107, and other cases. But this was changed by the Code, and now the practice is well settled that in this character of case, as well as where the writs are used to obtain a new trial, upon a dismissal, a new judgment is rendered against the petitioner and surety for the amount improperly superseded."

We think the case falls within Code Section 9005, *Thompson* v. *McMillan,* supra, and the hereinabove quoted language of *Littleton* v. *Yost,* supra; that, therefore, upon dismissal of the petition for certiorari the Circuit Court should have entered a new judgment against the petitioner, Keen, and John E. Kelley, the surety on his supersedeas bond, in favor of judgment creditor, Alexander.

The amount of the supersedeas bond signed by Keen and his surety, Kelley, was $312. The amount of the judgment which Alexander obtained in the General Sessions Court on June 19, 1952 against Keen was $156. Therefore, the amount improperly superseded by the supersedeas bond was $156 and the costs in the General Sessions Court. It follows that the judgment which the Circuit Court should have entered under the statute is $156 with interest thereon from June 19, 1952, together with the amount of the costs in the General Sessions Court where Alexander obtained his judgment.

The amount of the costs in the General Sessions Court does not appear in the record. The cause must be remanded to the Circuit Court for the ascertainment of that amount and for the entry of a judgment in favor of Charlie Alexander against Perry Keen and John E. Kelley, the surety on his supersedeas bond, for $156, with interest thereon from June 19, 1952 plus the amount of the costs accrued in the General Sessions Court. The costs of this appeal will be adjudged against Keen and the surety on his appeal bond, John E. Kelley.