**TRAVELERS INDEMNITY COMPANY**

v.

**Kenneth CALLIS.**

Supreme Court of Tennessee.

June 5, 1972.

John P. Branham, Glasgow, Adams & Taylor, Nashville, for complainant-petitioner.

William A. Parsons, Nashville, for defendant-respondent.

## OPINION

McCANLESS, Justice.

On April 13, 1966, Travelers Indemnity Company obtained a judgment for $2,299.00 against Kenneth Callis in the Court of General Sessions of Davidson County. On February 28, 1970, an execution issued for the unpaid balance of the judgment and garnishment was served on Cumberland Dodge.

On June 4, 1970, Callis filed in the Court of General Sessions a motion to quash the execution on the ground that he had filed a petition in bankruptcy on August 1, 1969, had listed Travelers as one of his creditors, and had received his discharge on March 16, 1970. A judge of the Court of General Sessions granted the motion and quashed the execution.

Travelers appealed to the Circuit Court from the judgment of the Court of General Sessions. The Circuit Court sustained that court and overruled a motion for a new trial. Travelers appealed to the Court of Appeals who affirmed the judgment of the Circuit Court. We granted certiorari and have heard argument.

Travelers presents only one assignment of error:

"The Court of Appeals erred in holding that the General Sessions Courts of Tennessee have inherent authority to quash an execution issued by said Court on motion made in said Court."

The Court of General Sessions of Davidson County is vested with the jurisdiction and authority conferred by the Legislature upon justices of the peace. Chapter 12, Section 2, Private Acts, 1937; Hancock v. Davidson County, 171 Tenn. 420, 104 S.W. 2d 824 [1937].

The question for our determination, then, is whether the action of the Court of General Sessions in quashing the levy in this case was lawful under the law prescribing the procedure for justices of the peace.

Counsel has cited us to no case, and we have found none, in which our appellate courts have sanctioned the quashing of its levy either by a justice of the peace or by a Court of General Sessions.

In Jones v. Williams, 32 Tenn. 105 [1852]; in Mynatt v. Magill, 71 Tenn. 72 [1879]; in Harris v. Gleghorn, 80 Tenn. 381 [1883]; in Thompson v. McMillan, 89 Tenn. 110, 14 S.W. 439 [1890]; and in Keen v. Alexander, 195 Tenn. 564, 260 S. W.2d 297 [1953], the Supreme Court adjudged that relief might be had from an abuse of the process of a justice of the peace, or a Court of General Sessions, by a petition for certiorari to supersede and to quash the levy.

In Jones v. Williams, supra, the Court used this language: "The justice who issued the execution has no power to correct this abuse, but the circuit court, in virtue of its general revisory jurisdiction, may supersede and quash the levy."

Section 27–802, T.C.A., brought forward from the Code of 1858, is as follows:

"Certiorari lies: (1) On suggestion of diminution; (2) where no appeal is given; (3) as a substitute for appeal; (4) instead of audita querela; (5) instead of writ of error."

Chief Justice Green, by a quotation from Blackstone, defined the ancient writ of *audita querela* thus in Baker v. Penecost, 171 Tenn. 529, 106 S.W.2d 220 [1937]:

"An *audita querela* is where a defendant against whom a judgment is recovered and who is therefore in danger of execution, or perhaps actually in execution, may be relieved upon good matter in discharge which has happened since the judgment; as if the plaintiff has given him a general release, or if the defendant has paid the debt to the plaintiff without entering satisfaction on the record."

Certiorari proceedings of the sort we are considering are, therefore, sanctioned by 27–802, T.C.A. Jones v. Williams, supra, on the contrary, denies to justices and, it follows to the Courts of General Sessions, the authority to quash the levies made under the authority of their executions.

The following Section of the 8th Edition of Caruthers, History of a Lawsuit, correctly recites our view of the law that controls this case:

"§ 539. *Certiorari to quash execution; in general; justice or general sessions court may, upon notice, correct clerical errors.*

"There is another use to which the *certiorari* and *supersedeas* is applied, to which it is proper to advert before concluding this chapter. Courts of record usually possess the power of correcting abuses in final process awarded by them. It will be seen in the chapter on Summary Remedies that both the circuit and appellate courts of Tennessee exercise power in all such proper cases. This power does not belong to justices of the peace or general sessions courts. Their jurisdiction is limited to the rendition of the judgment, the granting of an appeal, the stay and issuance of the execution, and the issuing of writs of *scire facias* where proper. The theory of their jurisdiction is that it extends only to the limits defined by statute law, and that the giving to them jurisdiction of a subject does not carry with it all those general powers of making that jurisdiction effectual, or of preventing its working injustice, which belongs to courts of general jurisdiction. When a justice or general sessions court renders judgment in a case and adjourns, the court is at an end, and the court has no further power over it except what the statutes give. The court cannot after that day grant a new trial, or in any way prevent the consequences of its acts, however erroneous may be. But the court may correct merely clerical errors in its judgments upon the application of a party and proper notice to the other party."

With great deference we express our disagreement with the Circuit Court and with the Court of Appeals; however, we must and do reverse and remand the case to the Circuit Court for action consistent with this opinion.

DYER, C. J., CRESON and HUMPHREYS, JJ., concur.

ROY A. MILES, Special Justice, concurs in separate opinion.

ROY A. MILES, Special Justice (concurring).

The basic purpose of this concurring opinion is to extend the effect of the court's ruling beyond the announced purpose. I readily agree that the Court of General Sessions exceeded its jurisdiction and authority by granting defendant's motion to quash the writ of execution; however, to clarify some apparent confusion as to the authority of the Circuit Court to hear and dispose of said motion on appeal, the opinion of this court should not end with its order of remand. The record clearly reveals that the Circuit Court Judge heard said motion on the merits thereof and agreed with the Judge of the General Sessions that the judgment obtained by Travelers against Callis could not survive the operation of defendant's discharge in bankruptcy on this debt.

In holding that the Circuit Court had the power to quash the writ of execution if the matter had been presented by the way of writ of certiorari, it would seem futile to hold that the Circuit Court could not exercise the same authority when the question was presented on direct appeal. It is quite well established that the remedy of certiorari is a substitute for appeal and the author of this opinion is not aware of any reason why this controversy should not be put at rest in the Circuit Court, pursuant to the order of remand and the direction of this court. There is no reason to assume that the Circuit Court Judge would view this controversy on remand any differently than he did on appeal from the Court of General Sessions. Indeed, it would seem more expeditious for the entire matter to be terminated in this court instead of following the idle and useless procedure of remanding the cause to the Circuit Court with instructions. This may be accomplished by reversing the Court of General Sessions but affirming the Circuit Court and the Court of Appeals.

It seems appropriate also to observe that this end result could have been accomplished by proceedings in the bankruptcy court to stay further proceedings on the General Sessions Court judgment. Also, it would seem sufficient, but without adjudication here, if defendant, Callis, had sought injunctive relief against Travelers by bill in chancery, against further proceedings to enforce the collection of a debt that had been terminated by defendant's discharge in bankruptcy. In either or all of these three courses of procedure, the end result would have been the same. Thus I concur with the conclusion of this court in its ultimate effect but dissent insofar as the controversy may be left to further action in the Circuit Court.