IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief June 5, 2001

## MARIE CAGLE f/u/b NATIONWIDE INSURANCE CO. v. SHANNON R. CASS

Direct Appeal from the Circuit Court for McNairy County
No. 4805    Jon Kerry Blackwood, Judge

No. W2001-00760-COA-R3-CV - Filed July 6, 2001

This is an appeal from an order of the circuit court which dismissed an appeal from an order of the general sessions court. The basis for the trial court's order was that the general sessions court had no jurisdiction to grant an appeal to the defendant in the general sessions' action, as the ten (10) day period to appeal from general sessions court to circuit court pursuant to section 27-5-108 of the Tennessee Code Annotated had elapsed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

Shannon R. Cass, *Pro se*.

Jonathan T. Martin, Memphis, Tennessee, for the appellee, Marie Cagle f/u/b Nationwide Insurance Co.

**OPINION**

Suit was brought in the General Sessions Court of McNairy County by Marie Cagle f/u/b Nationwide Insurance Company against Shannon R. Cass to recover for property damage resulting from a motor vehicle accident. The civil warrant was issued on October 4, 1999, indicating that the matter was set for trial for October 19, 1999. The warrant indicates that Ms. Cass was served on October 18, 1999. The warrant further indicates that judgment was entered in favor of the Plaintiff against the Defendant for $1,821 on January 25, 2000. On March 30, 2000, Ms. Cass filed a motion to set aside the judgment with a supporting affidavit which states that, on October 18, 1999, she called the plaintiff's attorney and the two of them mutually agreed to a general continuance and wherein she advised the attorney how he could contact her. The affidavit further states that on that date she received a fax from Plaintiff's attorney, Jonathan Martin, which contained a letter from him to the clerk of the general sessions court which stated that both parties had agreed to a general

continuance. She further states that she and Mr. Martin agreed to continue the case after the first of the year 2000 and it was agreed that Mr. Martin would contact her at that time so they could discuss a trial setting. The affidavit further recites that Ms. Cass was contacted by the payroll department of her employer on March 24, 2000, that a garnishment had been issued on her wages. She further recites that she received no notice of the setting of the case for trial on January 25, 2000. An order was entered in the general sessions court denying the motion to set aside default judgment. While the order does not recite such, the parties are in agreement that the general sessions judge stated that anyone who did not agree with his order could appeal to circuit court.

The Plaintiff filed a motion for judgment on the pleadings in the circuit court asking that court to dismiss the appeal because the Defendant, Ms. Cass, had not perfected a timely appeal from the general sessions judgment and that the general sessions judge lacked the authority to grant an appeal after the ten (10) day period as set forth in section 27-5-108 of the Tennessee Code Annotated. An order was entered in the circuit court granting the motion and dismissing the appeal. Ms. Cass appealed that order to this court and presents the following issues as set forth in her brief:

I.      Whether the Circuit Court was in error, in dismissing the Defendant, Cass['], Appeal?

II.     Whether, it was proper for the McNairy County, General Sessions Judge to rule upon a case, in which he had verbally recused himself form hearing?

III.    Whether the Defendant Cass['], "Due Process Rights" [were] violated by the conduct of the Plaintiff's Attorney?

The General Assembly has provided for appeals from an adverse decision of the general sessions court to circuit court in section 27-5-108 which states as follows:

> (a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.
> (b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee.
> (c) Any appeal shall be heard de novo in the circuit court.
> (d) If no appeal is taken within the time provided, then execution may issue.

Tenn. Code Ann. § 27-5-108 (2000).

General sessions courts are courts of limited jurisdiction. Their authority depends upon the nature and amount of the dispute and their judgments cannot exceed their jurisdictional limits or

their subject matter jurisdiction. *See Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 182-84 (Tenn. 1995).

The eastern section of this court recently had an opportunity to visit the issue of whether a general sessions court has jurisdiction over any of the proceedings which occurred in the case after the entry of judgment in *Henry Schein, Inc. v. Watts*, No. E1999-02128-COA-R3-CV, 2000 WL 222537, at * 1-2 (Tenn. Ct. App. Feb. 28, 2000) (*no perm. app. filed*). There the court said:

> Our Supreme Court explained the jurisdiction of a General Sessions Court in *Travelers Indemnity Company v. Callis*, 481 S.W.2d 384, 385 (Tenn. 1972) (quoting *Caruthers' History of a Lawsuit*, 8th Edition):
>
>> Courts of record usually possess the power of correcting abuses in final process awarded by them . . . . This power does not belong to justices of the peace or general sessions courts. Their jurisdiction is limited to the rendition of the judgment, the granting of an appeal, the stay and issuance of the execution, and the issuing of writs of scire facias where proper. The theory of their jurisdiction is that it extends only to the limits defined by statute law, and that the giving to them jurisdiction of a subject does not carry with it all those general powers of making that jurisdiction effectual, or of preventing its working injustice, which belongs to courts of general jurisdiction. When a justice or general sessions court renders judgment in a case and adjourns, the court is at an end, and the court has no further power over it except what the statutes give. The court cannot after that day grant a new trial, or in any way prevent the consequences of its acts, however erroneous [they] may be. But the court may correct merely clerical errors in its judgments upon the application of a party and property notice to the other party.
>
> Notwithstanding this limitation of jurisdiction, "relief might be had from an abuse of the process of a justice of the peace, or a Court of General Sessions, by a petition for certiorari to supersede and to quash the levy." *Travelers*, 482 S.W.2d at 385. "The justice who issued the execution has no power to correct this abuse, but the circuit court, in virtue of its general revisory jurisdiction, may supersede and quash the levy." *Jones v. Williams*, 32 Tenn. 105, 106 (1852).
>
> A Circuit Court when acting as an appellate body cannot validate a judgment which the General Sessions Court had no jurisdiction to make. *Riden v. Snider*, 832 S.W.2d 341, 342 (Tenn. Ct. App. 1991); *see* Tennessee Code Annotated § 16-10-112.

The timely perfecting of an appeal is a mandatory requirement, and if it is not complied with, the Court has no jurisdiction over the case. ***Love v. College Level Assessment Services, Inc***., 928 S.W.2d 36, 38 (Tenn. 1996).

A party may appeal from an adverse decision of the General Sessions Court to the Circuit Court within a period of ten days, and the appeal shall be heard *de novo* in the Circuit Court. Tennessee Code Annotated § 27-5-108.

*Id*.

***Schein v. Watts*** is different on its facts in that there is no indication in that opinion that the defendant did not have timely notice of the setting in general sessions court. However, we believe that the applicable law concerning when the general sessions court loses jurisdiction of a matter is equally applicable to the case at bar. We do not take the position that Ms. Cass did not have other remedies, but the remedy she sought is not available under the law of this jurisdiction.

With respect to the second issue involving a recusal by the general sessions judge, Ms. Cass states in her affidavit that she was advised by Mr. Martin and the clerk of the general sessions court that Judge Bobby Gray had recused himself from this action. There is no indication in the record that Ms. Cass requested Judge Gray to recuse himself. Furthermore, he could have changed his mind after deciding *sua sponte* to recuse and there is no indication of any bias or prejudice on the part of Judge Gray against Ms. Cass.

With respect to the third issue the opposing party's attorney, insofar as this record reflects, is not an employee of the state or federal government, nor can he be said to be a state actor, and therefore is incapable of violating the adverse parties constitutional rights. ***See State ex rel. Donehue v. Russell***, 429 S.W.2d 818, 822 (Tenn. 1967) (citing ***State ex rel. Dych v. Bomar***, 378 S.W.2d 722 (1964)); and ***Bryant v. Tenent, Inc.***, 969 S.W.2d 923, 925 (Tenn. Ct. App. 1997) (citing ***State v. Hale***, 840 S.W.2d 307, 312 (Tenn. 1992)).

For the foregoing reasons, the judgment of circuit court is affirmed and the costs of this appeal are taxed to Sharon R. Cass, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-4-