IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2010

## TENNESSEE PROTECTION AGENCY, INC. v. JORDON D. MATHIES

**Appeal from the Circuit Court for Davidson County**
**No. 09C-0747       Joseph P. Binkley, Jr., Judge**

**No. M2009-01775-COA-R3-CV - Filed July 23, 2010**

Party A obtained a default judgment in general sessions court against Party B.  The general sessions court subsequently granted Party B's motion to set aside the default judgment.  Party A appealed to circuit court.  The circuit court reversed the general sessions court's decision to set aside the default judgment.  Party B appeals to this court.  We affirm the decision of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Terry R. Clayton, Nashville, Tennessee, for the appellant, Jordan D. Mathies.

Patrick Johnson, Nashville, Tennessee, for the appellee, Tennessee Protection Agency, Inc.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Tennessee Protection Agency, Inc. ("TPA") filed a civil warrant in general sessions court on October 2, 2008, against Jordan D. Mathies for legal malpractice.  The warrant, which was served on October 7, 2008, stated that the case was set to be heard on November 12, 2008.

Mathies contacted the general sessions clerk's office about continuing the case.[1] He sent a fax to the clerk's office requesting that the hearing be reset for January 21, 2009, and it was his understanding that the hearing was rescheduled for that date. TPA appeared in court on the original hearing date of November 12, 2008, and learned that Mathies had requested a continuance. TPA objected to the requested two-month delay in the hearing date but agreed to have the case continued until December 3, 2008. TPA's attorney sent a letter to Mathies notifying him of the new hearing date. Although the letter was addressed to Mathies at the correct address, he denied ever receiving it.

When the case came on to be heard on December 3, 2008, Mathies did not appear, and the general sessions court entered a default judgment in favor of TPA for $11,250.00. Mathies appeared in court on January 21, 2009, and learned about the default judgment entered against him. On January 27, 2009, Mathies filed a motion for relief from the judgment pursuant to Tenn. R. Civ. P. 60.02. After a hearing on February 20, 2009, the general sessions court set aside the default judgment. TPA and Mathies each prepared an order, and the judge signed both orders. One order was entered on February 23, 2009, and the other on February 27, 2009. On February 27, 2009, TPA filed a notice of appeal to circuit court.

The case was heard in circuit court on July 21, 2009. Based on Tenn. Code Ann. § 16-15-727, the court held that Mathies had failed to timely file his Rule 60.02 motion, and therefore, the general sessions court did not have jurisdiction to rule on the motion. The court's order contains the following analysis:

> General Sessions Courts are courts of limited jurisdiction and that jurisdiction is limited to and controlled by statutes. When a general sessions court renders judgment in a case and adjourns, the court has no further power to set aside that judgment except the authority which the statutes may give. Tennessee Code Annotated § 16-15-727, titled "Correction of judgment," allows a party to file a Rule 60.02 motion in the General Sessions Court to set aside a default judgment on the grounds set forth in the statute. However, the statute goes on to state that the "Rule 60.02 [motion] *shall* be filed within ten (10) days of the date of judgment." (Emphasis added). The use of the "shall" makes it mandatory that the party filing the motion must file the motion within ten (10) days of the entry of the judgment that it wishes to set aside.

---

[1]Facts concerning the parties' actions are taken from testimony at the circuit court hearing in July 2009.

In the present case, a default judgment was entered against the Defendant on December 3, 2008. The Defendant however did not file his Rule 60.02 motion to set aside the default judgment until January 27, 2009, beyond the ten (10) day limited required by T.C.A. § 16-15-727 to file such a motion. Accordingly, at the time that the Defendant filed his untimely motion, the General Sessions Court had already lost jurisdiction to rule on the matter. Accordingly, the subsequent order of the General Sessions Court setting aside the default judgment was without authority and was therefore null and void.

The circuit court vacated the general sessions orders setting aside the default judgment and reinstated the default judgment.

## STANDARD OF REVIEW

We review the trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

Mathies raises a number of issues on appeal, but the main issue presented is whether the circuit court erred as a matter of law in reversing the general sessions court order setting aside the default judgment.

Unlike circuit and chancery courts, general sessions courts are courts of limited jurisdiction. Our Supreme Court has described the nature of general sessions jurisdiction as follows:

[The jurisdiction of general sessions courts] is limited to the rendition of the judgment, the granting of an appeal, the stay and issuance of the execution, and the issuing of writs of Scire facias where proper. The theory of their jurisdiction is that it extends only to the limits defined by statute law, and that the giving to them [of] jurisdiction of a subject does not carry with it all those general powers of making that jurisdiction effectual, or of preventing its working injustice, which belongs to courts of general jurisdiction. When a justice or general sessions court renders judgment in a case and adjourns, the court is at an end, and the court has no further power over it except what the statutes give. The court cannot after that day grant a new trial, or in any way prevent the consequences of its acts, however erroneous may be. But the court

may correct merely clerical errors in its judgments upon the application of a party and proper notice to the other party.

*Travelers Indem. Co. v. Callis*, 481 S.W.2d 384, 385 (Tenn. 1972).

Following this reasoning, our courts held that a general sessions court lacked jurisdiction to set aside a judgment. *See Richardson v. Methodist Healthcare Memphis*, No. W2004-00773-COA-R9-CV, 2005 WL 1541868, at *3-4 (Tenn. Ct. App. June 30, 2005); *Caldwell v. Wood*, No. W2003-00303-COA-R3-CV, 2004 WL 370299, at * 3 (Tenn. Ct. App. Feb. 27, 2004); *see also Jackson Energy Auth. v. Diamond*, 181 S.W.3d 735, 739-40 (Tenn. Ct. App. 2005) (general sessions court had no jurisdiction to consider petition to rehear, and petition did not toll deadline to appeal). In 2007, however, the legislature enacted Tenn. Code Ann. § 16-15-727(b), authorizing general sessions courts to rule on motions for relief from a judgment pursuant to Tenn. R. Civ. P. 60.02:

> Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking *de novo* review in the circuit court until the determination of the motion is concluded.[2] Thereafter, an appeal for *de novo* review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

Tenn. Code Ann. § 16-15-727(b) (footnote added).

Mathies filed his motion for Rule 60.02 relief from the default judgment more than ten days after the judgment. In granting Mathies's motion for relief from the default judgment, the general sessions court reasoned that "the ten (10) day period afforded to a Defendant under T.C.A. § 16-15-727 within which to file a Rule 60 Motion to Set Aside a Default judgment does not begin to run until such time that the Defendant has notice of the

---

[2]A party aggrieved by a general sessions court judgment may appeal to circuit court within ten days of judgment pursuant to Tenn. Code Ann. § 27-5-108. We note that, in a proper case, a circuit court may review a general sessions court judgment under a writ of certiorari. *See Stechebar v. Deere & Co.*, No. E2009-01514-COA-R3-CV, 2010 WL 2593622, at *3-4 (Tenn. Ct. App. June 29, 2010).

entry of a default judgment against him as required by T.R.C.P. 58."[3]  For the reasons discussed below, we cannot agree with this analysis.

General sessions courts have only those powers conferred upon them by statute. *Travelers,* 481 S.W.2d at 385.  Tenn. Code Ann. § 16-15-727(b) specifically provides that a Rule 60.02 motion in general sessions court must be filed within ten days of the judgment in order to toll the time for appeal.  This court has previously stated that the ten-day deadline to appeal to circuit court is jurisdictional.  *Cagle v. Cass*, No. W2001-00760-COA-R3-CV, 2001 WL 792644, at *3 (Tenn. Ct. App. July 6, 2001).  Thus, if a party fails to file its appeal within ten days of the general sessions court judgment, the circuit court does not obtain jurisdiction over the appeal.  *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5 (Tenn. Ct. App. Jan. 29, 2008).  This court has dismissed untimely appeals from general sessions courts in cases in which the defendant was served with the summons but asserted a lack of notice of the case being set for trial or a lack of notice of the default judgment.  *Hausler v. Discounts R Us, Inc.*, No. M2002-01465-COA-R3-CV, 2003 WL 1092771, at *1 (Tenn. Ct. App. Mar. 13, 2003); *Cagle,* 2001 WL 792644, at *1.

In *R & F Enterprises, Inc. v. Penny*, No. E2009-00007-COA-R3-CV, 2010 WL 624048, at *2 (Tenn. Ct. App. Feb. 22, 2010), this court rejected the appealing defendant's argument that her failure to file her motion to set aside a default judgment within ten days was excusable because she did not receive notice of the hearing:

> [D]efendant had notice that the lawsuit was pending, had appeared for one hearing, and had sought a continuance to pursue settlement, and then failed to appear for the later hearing after sending an offer of settlement.  Defendant obviously knew of the July 28 hearing date, and did not refute knowledge of same, and cannot now claim a lack of notice.
>
> Assuming *arguendo* defendant's argument has merit, which we do not concede, the General Sessions Court was without authority to set aside the Judgment as found by the Trial Court, because the Motion for Release was not filed within the statutory period.  Tenn. Code Ann. § 16-15-727.

The court affirmed the judgment of the trial court "on the grounds that the Sessions Court Judge did not have jurisdiction to set aside the original default judgment." *Id.* at *1.  We find the same analysis controlling here.  Mathies received notice of the lawsuit and the initial

---

[3]The Tennessee Rules of Civil Procedure generally do no apply to general sessions courts. *See* Tenn. R. Civ. P. 1.

hearing date.[4]  When he failed to file a motion to set aside the default judgment within ten days, the general sessions court lost jurisdiction to set aside its judgment.

Because we agree with the circuit court's conclusion that the general sessions court lacked jurisdiction to set aside the default judgment, the remaining issues raised by Mathies are pretermitted.

CONCLUSION

The judgment of the circuit court is affirmed.  Costs of appeal are assessed against the appellant, Mathies, and execution may issue if necessary.


_____
ANDY D. BENNETT, JUDGE

---

[4]We must disagree with Mathies's assertion that his efforts to continue the initial hearing date by contacting the clerk's office were in compliance with the local practice.  Rule 5.01 of the Civil Rules of Practice for the General Sessions Court for the Twentieth District provides:

> Cases shall be tried on the date they are set on the Court's docket unless, for good cause shown or upon agreement of the parties, the Court resets case for trial at a later date or continues case indefinitely.  In civil actions the Court may liberally grant a continuance on the first setting of a case or on the first setting after an indefinite continuance.

As Mathies points out in his brief, this rule expresses the general sessions court's liberal continuance policy. It does not, however, excuse a party from obtaining the permission of the court or the agreement of the opposing party.  In this case, Mathies obtained neither.  Although the clerk may, upon the request of an attorney or party, move a case on the docket, it is the responsibility of the attorney or party to obtain the permission of the court or of the opposing party.