# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 6, 2012 Session

## NEW LIFE MEN'S CLINIC, INC. v. DR. CHARLES BECK

**Direct Appeal from the Circuit Court for Davidson County**
**No. 11C552     Barbara N. Haynes, Judge**

---

**No. M2011-01363-COA-R3-CV - Filed March 28, 2012**

---

Appellee was granted a default judgment against Appellant in the general sessions court. More than five months after the entry of the default judgment, Appellant filed a Tennessee Rule of Civil Procedure 60.02 motion for relief from the general sessions court's judgment. The general sessions court dismissed the motion on grounds that it was not timely filed and that the general sessions court, therefore, lacked jurisdiction to set aside its judgment. Appellant appealed to the circuit court. Thereafter, Appellant filed a petition for writ of error coram nobis, which was dismissed *sua sponte* by the circuit court. Appellant appeals. Because the writ of error coram nobis has long been abolished in the civil law, this filing had no legal effect; consequently, the trial court did not err in dismissing the writ. Affirmed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Timothy H. Nichols, Nashville, Tennessee, for the appellant, New Life Men's Clinic Inc.

Evalina C. Cheadle, Nashville, Tennessee, for the appellee, Dr. Charles Beck.

**MEMORANDUM OPINION**[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall

(continued...)

On or about March 8, 2010, Appellee Dr. Charles Beck filed suit against Nashville Male Performance Clinic, L.L.C. and New Life Men's Clinic ("New Life," or "Appellant") in the General Sessions Court for Davidson County. The summons alleges "[b]reach of employment contract for damages in excess of $67,000." The civil warrant indicates that service of process by certified mail was achieved on March 10, 2010.

The case was originally set for hearing on April 29, 2010. However, a letter, dated April 28, 2010, from New Life's attorney to Dr. Beck's attorney, memorializes the parties' agreement to continue the matter as to New Life; the matter was not continued as to Nashville Male Performance Clinic. The second page of the civil warrant contains two orders. The first, dated April 29, 2010, is for "judgment for $25,000 plus costs and attorney fees against Nashville Male Performance Clinic, LLC. Attorney fees $8,333.33." The second order, which is undated, indicates that the case against New Life was continued to June 25, 2010. It appears that the case against New Life was placed on the docket for hearing on July 9, 2010. The record contains a letter to both parties' attorneys noticing them of the hearing date; however, New Life asserts that it did not receive any notice of the rescheduled hearing, and thus failed to appear. On July 23, 2010, judgment was entered for Dr. Beck "against Nashville Male Performance Clinic, LLC & New Life Men's Clinic for $25,000 plus $8,333.33 attorneys fees plus costs."

According to its brief, more than five months after entry of the default judgment against it, New Life received a letter indicating a substitution of counsel for Dr. Beck. According to New Life, "[t]his was the first communication of any kind with respect to the General Sessions case that New Life or its counsel was made aware of since New Life's counsel's communication of April 28, 2010." New Life claims that this correspondence prompted it to check into the status of the general sessions case, at which time it discovered that judgment had been entered against it on July 23, 2010.[2]

On January 7, 2011, New Life filed a motion to set aside the default judgment rendered against it. This motion was specifically filed under Rule 60 of the Tennessee Rules of Civil Procedure on the ground that New Life had received no notice of the July 2010 hearing. Dr. Beck filed a response in opposition to the motion to set aside. By Order of January 18, 2011, New Life's motion was denied, with the notation that it was "filed after

[1](...continued)
be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Nashville Male Performance Clinic, L.L.C. did not appeal the general sessions court's judgment against it and is not a party to the instant appeal.

[the] 10 day appeal period expired."

On January 27, 2011, within ten days of the entry of the general sessions court's order denying New Life's motion to set aside, but approximately six months after the entry of the default judgment against it, New Life filed an appeal to the Davidson County Circuit Court. The circuit court appeal was filed by the attorneys who had represented New Life in general sessions court; however, shortly after the appeal was taken, New Life replaced its counsel. No issue has been raised concerning the timeliness of the notice of appeal to the circuit court. The filing at issue in this appeal is the petition for writ of error coram nobis (the "Petition"), which was filed on March 30, 2011 by New Life pursuant to Tennessee Code Annotated Section 27-7-101 *et seq*. In relevant part, the petition for writ of error coram nobis asserts that the default judgment against New Life should be set aside, revoked and annulled, and that New Life should be allowed to litigate the underlying merits of Dr. Beck's claim against it. It is undisputed that New Life did not file a supersedeas bond in conjunction with its Petition. Concurrent with the Petition, New Life filed a third-party complaint against Evan Bass, who had allegedly sold New Life the assets of the Nashville Male Performance Clinic, asserting that Mr. Bass had violated certain warranties.

The Petition specifically admits that "New Life was served with process in the original General Sessions matter," and further admits that the parties agreed to continue the general sessions' case against New Life. As noted above, the Petition alleges that it was only after receiving the December 29, 2010 letter concerning substitution of counsel that New Life contacted the court clerk's office to determine the status of the case, at which time it allegedly discovered the default judgment entered against it.

On April 21, 2011, Dr. Beck filed a motion to dismiss the circuit court appeal, arguing that New Life "did not seek an appeal or file a motion to toll the ten day period." Consequently, Dr. Beck asserted that the general sessions' judgment was final and that the general sessions court lacked authority to suspend enforcement of the judgment, or, in the Alternative, for Protective Order and to Require Bond from Plaintiff if Execution Proceeds." On May 20, 2011, New Life filed a motion titled "Motion to Set Expedited Hearing on Petition for Writ of Error Coram Nobis, and for Supersedeas upon Pauper's Oath or, in the Alternative, for Installment Payments." On June 3, 2011, the circuit court heard the motion to dismiss. The court entered an order on June 13, 2011, stating, in relevant part, that:

> [T]he Court finds that payment by installments shall be set for payment of the final judgment entered [in the general sessions court] against New Life Men's Clinic and that the petition for writ of error corum nobis should be dismissed on the Court's own motion.

-3-

It is, therefore, ORDERED, ADJUDGED and DECREED that defendant New Life Men's Clinic shall be, and hereby is, allowed to pay the final judgment entered against it herein on July 3, 2010, in monthly installments of $1,500.00, due . . . on the 15ᵗʰ of each month beginning June 15, 2011.

New Life filed a timely notice of appeal to this Court. Concerned that payment of the ordered installments might affect a waiver of its right to contest the dismissal of the Petition, New Life moved this Court for an order allowing installment payments without waiver of appeal, and for a protective order precluding collection. By Order of June 28, 2011, this Court granted New Life's request. However, upon review of the record, this Court determined that the June 13, 2011 order appealed was not final as it did not adjudicate the third-party complaint filed by New Life, and did not assess costs. By Order of September 1, 2011, this Court gave New Life sixty days to procure a final, appealable judgment from the trial court. On October 13, 2011, the appellate record was supplemented to include an October 10, 2011 order, which includes Tennessee Rule of Civil Procedure 54.02 language, indicating that there is no just reason for delay of entry of final judgment. Although it does not adjudicate the third-party claim, with the inclusion of Tennessee Rule of Civil Procedure 54.02 language, the order now appears final for purposes of appeal.

New Life raises one issue for review as stated in its brief:

Whether the trial court erred in its spontaneous dismissal of New Life's petition for writ of error coram nobis.

Unlike circuit and chancery courts, general sessions courts are courts of limited jurisdiction. Generally, the jurisdiction of general sessions courts is limited to the rendition of the judgment, the granting of an appeal, the stay and issuance of the execution, and the issuing of writs of scire facias where proper. *Travelers Indem. Co. v. Callis*, 481 S.W.2d 384, 385 (Tenn. 1972). "The theory of their jurisdiction is that it extends only to the limits defined by statute law, and that the giving to them [of] jurisdiction of a subject does not carry with it all those general powers of making that jurisdiction effectual, or of preventing its working injustice, which belongs to courts of general jurisdiction." *Id*. Prior to 2007, our general sessions courts were not permitted to amend or to grant relief from their own judgments except for reason of clerical mistakes. However, in June of 2007, the Tennessee Legislature enacted Tennessee Code Annotated Section 16-15-727(b), which provides:

Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion

under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

Tenn. Code Ann. §16-15-727(b). This statute makes Tennessee Rule of Civil Procedure 60.02 applicable in general sessions courts. Tennessee Rule of Civil Procedure 60.02 specifically states that:

Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.[3]

As recently discussed by our Supreme Court in **Wlodarz v. State**, __ S.W.3d ___, No. E2008–02179–SC–R11–CO, 2012 WL 581210 (Tenn. Feb. 23, 2012):

With the adoption of Rule 60 of the Tennessee Rules of Civil Procedure, which superseded coram nobis actions in civil cases, the "anomalous result is that the writ of error coram nobis continues to be an available remedy in criminal actions" while, as observed in **Mixon**, "the civil writ of error coram nobis . . . has been abolished for [four decades]." **Mixon**, 983 S.W.2d at 668.

**Wlodarz**, 2012 WL 581210, at *5 (footnote omitted); *see also* William H. Inman, Gibson's Suits in Chancery §53.01, at 53-3 (8th ed. 2004) ("Writs of error coram nobis . . . are

---

[3] Tennessee Code Annotated Section 27-7-101 provides that:

Any person aggrieved by the judgment of any court in a civil case which is not governed by the Tennessee Rules of Civil Procedure by reason of a material error in fact may reverse the judgment upon writ of error coram nobis as provided in this chapter.

abolished by the Rule."). Because the writ of error coram nobis has been abolished in the civil arena, New Life's filing had no legal effect whatsoever in the circuit court. Consequently, the trial court did not err in dismissing the writ on its own motion.

For the foregoing reasons, we affirm the trial court's order. The case is remanded for further proceedings as may be necessary. Costs of this appeal are assessed against the Appellant, New Life Men's Clinic, L.L.C., and its surety.

_____
J. STEVEN STAFFORD, JUDGE
