IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 28, 2004

## JACKSON ENERGY AUTHORITY v. WILLIAM T. DIAMOND, JR.

An Appeal from the Circuit Court for Madison County
No. C-03-294     Donald H. Allen, Judge

No. W2004-01090-COA-R3-CV - Filed January 20, 2005

This case involves the timeliness of an appeal from General Sessions Court to Circuit Court. The plaintiff utility company sued the defendant building owner in General Sessions Court for past due utility payments. On July 28, 2003, the General Sessions Court entered a judgment in favor of the plaintiff. On August 1, 2003, the defendant filed a petition to rehear, seeking to have the judgment set aside. On August 6, 2003, the General Sessions Court denied the petition to rehear. On August 18, 2003, the defendant filed a notice of appeal for a *de novo* review in Circuit Court. The Circuit Court dismissed the appeal on the basis that it was not filed within ten days of the final General Sessions judgment entered on July 28, 2003. The defendant now appeals that decision, arguing that the ten-day time limitation was tolled by his General Sessions petition to rehear. We affirm, concluding that the time limitation for filing an appeal to Circuit Court is not tolled by a petition to rehear filed in General Sessions, because no statute grants the General Sessions Court authority to hear such a petition to rehear.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

J. B. "Buddy" Glassman, Jackson, Tennessee, for the appellant, William T. Diamond, Jr.

Timothy N. Thompson, Knoxville, Tennessee, for the appellee, Jackson Energy Authority.

### OPINION

Defendant/Appellant William T. Diamond, Jr. ("Diamond") is the owner of a commercial building in Tennessee rented by several tenants. Plaintiff/Appellee Jackson Energy Authority ("Jackson Energy") provides utility services for Diamond's building.

On October 1, 2002, Jackson Energy filed a complaint against Diamond in the General Sessions Court of Madison County, alleging that Diamond was liable on the tenants' accounts and

seeking damages for unpaid utility bills in the amount of $8,587.37. On October 28, 2002, Diamond filed a response denying the charges in the complaint.

The matter was scheduled for a hearing on December 16, 2002. On that day, Diamond requested a continuance, which request was granted. The matter was set again for April 28, 2003. However, on April 22, 2003, Diamond filed a second request for a continuance. This second request was likewise granted by the General Sessions Court.

On July 25, 2003, Diamond filed a "Petition, Affidavit, and Motion to Dismiss," claiming that Jackson Energy's complaint should be dismissed for failure to state a claim and denying liability on the accounts alleged by Jackson Energy. Diamond also argued that Jackson Energy's attempt to collect the utility bills of some of his tenants but not others violated his constitutional right to equal protection.

On July 28, 2003, the General Sessions Court conducted a hearing on the matter. Jackson Energy was present, represented by counsel, and Diamond's attorney appeared as well. Diamond, however, did not appear for trial, and Diamond's attorney told the General Sessions Court that Diamond felt obligated to attend the funeral of a close friend.[1] There is no transcript of the hearing in the record on appeal. Apparently, however, Jackson Energy presented evidence that Diamond incurred the utility bills alleged in the complaint, that it had attempted to obtain payment on those bills, and that Diamond still owed the amount claimed by Jackson Energy. As a result, the General Sessions Court entered a judgment in favor of Jackson Energy and ordered Diamond to pay Jackson the sum of $9,587.37.

On August 1, 2003, Diamond filed a petition to rehear in the General Sessions Court. The petition alleged that he was "unavoidably absent" from the July 28, 2003 hearing, and that he had meritorious defenses to present upon a rehearing. This petition to rehear was filed with the General Sessions Court by Diamond *pro se*, but "with the knowledge of his attorney [who is] absent from his law office." On August 6, 2003, the General Sessions Court entered an order denying Diamond's petition, stating that it found "no basis to rehear this matter." The General Sessions Court noted that "[t]he Defendant should appeal within the time period allowed by law if he disagrees with the July 28, 2003 Judgment entered by this Court."

On August 18, 2003, Diamond's counsel filed a notice of appeal to the Circuit Court of Madison County ("trial court"). On March 2, 2004, Diamond filed with the Circuit Court a motion to dismiss Jackson Energy's lawsuit, alleging that it failed to state a claim upon which relief could be granted. In addition, Diamond asserted that his failure to appear at the scheduled General Sessions Court trial was excusable.

---

[1]The record indicates that Diamond sought another continuance prior to trial, but that the General Sessions Court refused to grant another continuance.

On March 4, 2004, Jackson Energy filed a motion with the Circuit Court to dismiss Diamond's appeal. Jackson Energy maintained that the judgment entered by the General Sessions Court on July 28, 2003, was proper, and that Diamond had failed to appeal to Circuit Court within the ten-day time limitation prescribed in Tennessee Code Annotated § 27-5-108.[2] Under Section 27-5-108, any person dissatisfied with a judgment of the General Sessions Court has ten days to file an appeal to the Circuit Court. Because the final judgment of the General Sessions Court was entered on July 28, 2003, Jackson Energy asserted, the August 18, 2003 appeal to Circuit Court was untimely.

On March 29, 2004, the Circuit Court entered an order dismissing Diamond's appeal for "failure to file appeal bond within the time permitted by law." The Circuit Court then ordered that the judgment of the General Sessions Court against Diamond be reinstated in the amount of $9,587.37, plus court costs. From that order, Diamond now appeals.

On appeal, Diamond argues that the Circuit Court erred in dismissing his appeal from General Sessions Court as untimely, because the ten-day time limitation for filing an appeal should have been tolled until the General Sessions Court decided his petition to rehear. Diamond asserts that "due to the general sessions court's delay in deciding his Petition to Rehear, Diamond was precluded from pursing his appeal." Under the statute, Diamond argues, he was required to file his appeal bond with the Circuit Court no later than August 9, 2003. However, because the General Sessions Court's denial of his petition to rehear was not issued until August 6, 2003, meeting the August 7 ten-day deadline under the statute "was a functional impossibility." Additionally, Diamond argues that Section 27-5-108 is unconstitutional in that it contains no tolling provision to stay the running of the ten-day period within which to file an appeal from General Sessions Court in cases in which the aggrieved party files a petition to rehear with the General Sessions Court prior to filing the appeal to Circuit Court.

We review the trial court's findings of fact *de novo* on the record, presuming those findings to be correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). In this appeal, however, the facts are undisputed and the issues presented are questions of law, which we review *de novo*, with no presumption of correctness. ***Id.***; ***see Caldwell v. Wood***, W2003-00303-COA-R3-CV, 2004 WL 370299, at *2 (Tenn. Ct. App. Feb. 27, 2004).

Diamond first argues that the ten day period under Section 27-5-108 for filing an appeal from General Sessions Court began to run the day after the General Sessions Court entered its August 6,

---

[2]That statute provides:

> (a)(1) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.

Tenn. Code Ann. § 27-5-108(a)(1) (2000 & Supp. 2004).

2003 denial of his petition to rehear. Thus, if the ten-day time period began to run on August 7, 2003, his August 18, 2003 appeal to Circuit Court would be timely. In response, Jackson Energy argues that the ten-day time period for appeal in Section 27-5-108 should not be tolled by Diamond's petition to rehear, because the General Sessions Court does not have the authority to set aside its own judgment. Because the General Sessions Court does not have the authority to set aside its own judgments, Jackson Energy argues, the ten-day period for appeal must begin to run when the General Sessions Court judgment is entered, and the filing of a petition to rehear would have no effect on the running of the appeal period.

In support of its argument, Jackson Energy cites **Caldwell v. Wood**, **supra**. In that case, the plaintiffs filed a complaint in General Sessions Court for breach of contract and other claims. At trial, the defendants failed to appear, and the General Sessions Court entered a default judgment in favor of the plaintiffs on July 12, 2002. On July 31, 2002, the defendants filed a motion to set aside the General Sessions default judgment, citing excusable neglect in failing to appear for trial. The General Sessions Court granted that motion. **Caldwell**, 2004 WL 370299, at *1. The plaintiffs filed a notice of appeal to the Circuit Court, appealing the General Sessions Court's order setting aside its judgment. The Circuit Court held that the General Sessions Court did not have the authority to set aside its own judgment, and reversed its decision to do so. The Circuit Court further held that, because ten days had elapsed after the General Sessions Court's judgment was entered on July 12, 2002, the jurisdiction of the General Sessions Court had ended, and the appeal to the Circuit Court was untimely. **Id.** The defendants appealed the decision of the Circuit Court. On appeal, the decision of the Circuit Court was upheld. The appellate court reasoned that Tennessee Code Annotated § 16-15-727, which authorizes the General Sessions Courts to "correct" its own judgments, does not authorize the General Sessions Court to set aside its judgments. **Id.** at *2. Thus, because the General Sessions Court did not have the authority to set aside its own judgment, the Circuit Court's conclusion was affirmed. **Id.** at *3.

The holding in **Caldwell** is instructive in the instant case. The facts in **Caldwell** are distinguishable from those in the instant case because, in **Caldwell**, the motion to set aside was filed outside the ten-day time limitation for appeal to Circuit Court, and the General Sessions Court had long since lost jurisdiction over the case. In contrast, in the case at bar, the petition to rehear was filed within the ten-day time period for appeal to Circuit Court, and the denial of the petition to rehear was likewise filed within that time period. Thus, the question is whether a petition to rehear filed and decided by the General Sessions Court within the ten-day period for appeal tolled the period for appeal to the Circuit Court.

In the absence of specific statutory authority, the authority of the General Sessions Court ends when it enters a judgment in the case. "When a . . . General Sessions Court renders a judgment in a case and adjourns, the court is at an end, and the court has no further power over it except what the statutes give." **Travelers Indem. Co. v. Callis**, 481 S.W.2d 384, 385 (Tenn. 1972). In **Caldwell**, we held:

Section 16-15-727 of the Tennessee Code Annotated clearly authorizes the General Sessions Courts to correct their judgments. The plain language of the statute, however, simply does not address the setting aside of judgments. Wood's Floors cites no case in which this statute, or any other, has been deemed to authorize the General Sessions Courts to set aside their own judgments. *See Gibson*, 1999 WL 552879, at *1-2. In the absence of express statutory authorization, we must conclude that the General Sessions Court in this case was without authority to set aside its judgment.

*Caldwell*, 2004 WL 370299 at *3. In this case, Diamond's petition to rehear sought to set aside the General Sessions Court judgment entered on July 28, 2003, in favor of Jackson Energy. Regardless of whether Diamond's petition was filed within the ten-day period for appeal, the General Sessions Court had no statutory authority to grant the relief requested and the petition did not toll the appeal period. Thus, the ten-day period for seeking a *de novo* review in the Circuit Court began to run when the General Sessions final judgment was entered, and was not tolled by the petition to rehear. Because Diamond's appeal was filed on August 18, 2003, outside the ten-day time period, the appeal was untimely and the appeal was properly dismissed by the Circuit Court. *See id.* at *2-*3.

Diamond also argues that he was denied due process of law because the General Sessions Court delayed ruling on his petition to rehear until the ten-day deadline for the filing of any appeal had nearly expired. The decision was rendered on August 6, 2003, and the deadline for filing an appeal was on August 7, 2003. Therefore, Diamond argues, he was unable to prepare and file his notice of appeal and post the required bond within the statutory period, and due process requires the tolling of the statute of limitations in this case.

We are unpersuaded that a tolling of the ten-day period for appeal is constitutionally required under these circumstances. In some cases, courts have determined that due process requires a tolling of the applicable limitations period, such as a case where a litigant was misled into believing that his counsel was continuing the appeals process on his behalf, or where mental incompetence prevented a litigant from having a reasonable opportunity to assert his claim in a meaningful way. *See Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001) (regarding the misled litigant); *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) (regarding mental incompetence). No such circumstances are present in this case. In the instant case, Diamond simply mistakenly presumed that the ten-day period for appeal to Circuit Court would be tolled by the filing of his petition to rehear in General Sessions Court. Due process does not require a tolling of the ten-day period for appeal in these circumstances.

We must also reject Diamond's argument that Section 27-5-108 is unconstitutional on its face. He claims that the statute is constitutionally infirm because it does not include a provision to allow the period for appeal to Circuit Court to be tolled when a petition to rehear has been filed in the General Sessions Court. Diamond cites no applicable law in support of this argument, and we find it to be without merit.

All other issues raised herein are pretermitted.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant William T. Diamond, Jr., and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE