IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 18, 2005 Session

HELEN RICHARDSON, INDIVIDUALLY AND ON BEHALF OF HER DAUGHTER
AND HER MINOR CHILDREN, TRINA RICHARDSON, DECEASED
v.
METHODIST HEALTHCARE MEMPHIS, U.T. MEDICAL GROUP,
SHELBY COUNTY HEALTH CARE CORPORATION D/B/A THE
REGIONAL MEDICAL CENTER, MICHAEL J. WASHINGTON, M.D.
DAVID C. JERDEN, JR., M.D., CLARO F. DIAZ, M.D., ROBERT NEAL
AGUILLARD, M.D., JOHN R. WICKMAN, M.D., DANIEL BROOKOFF,
M.D., PATRICK K. MALONE, M.D., AND TRACIE WALKER, M.D.

An Appeal from the Circuit Court for Shelby County
No. CT-003646-02     Robert L. Childers, Judge

No. W2004-00773-COA-R9-CV - Filed June 30, 2005

This case involves the authority of the General Sessions Court to set aside its own judgment. The plaintiff's decedent died in January 2000. In January 2001, the plaintiff filed a medical malpractice claim in the General Sessions Court against the defendants. In April 2001, the General Sessions Court entered an order dismissing the case, without prejudice, for lack of prosecution. The General Sessions Court later determined that the order dismissing for lack of prosecution was erroneously entered. Consequently, in May 2001, the General Sessions Court entered a consent order setting aside its April 2001order. In December 2001, the plaintiff voluntarily nonsuited the General Sessions lawsuit, and the General Sessions Court entered a consent order of dismissal without prejudice. In June 2002, the plaintiff refiled her lawsuit in the Circuit Court below. The defendants filed motions for summary judgment based on the statute of limitations, claiming that the plaintiff was required to refile her lawsuit within one year of the April 2001 General Sessions order, dismissing for lack of prosecution. The defendants asserted that the General Sessions Court was without authority to adjudicate the matter further after the April 2001 order of dismissal was entered. The Circuit Court disagreed and denied the defendants' motions for summary judgment. The defendants were granted permission to file this interlocutory appeal. We reverse, concluding that the General Sessions Court did not have the authority to set aside its April 2001 judgment.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Circuit Court is Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Charles F. Morrow, Michael D. Fitzgerald, Memphis, Tennessee, for Appellant Patrick K. Malone, M.D.

William D. Domico and Victoria Smith Rowe, Memphis, Tennessee, for Appellants Methodist Healthcare Memphis, David C. Jerden, Jr., M.D., and Tracie Walker, M.D.

David M. Cook and Katherine M. Anderson, Memphis, Tennessee, for Appellant Claro F. Diaz, M.D.

Teresa J. Sigmon and Claire M. Cissell, Memphis, Tennessee, for Appellant Shelby County Health Care Corporation d/b/a The Regional Medical Center.

Michael L. Robb, Memphis, Tennessee, for Appellant Michael J. Washington, M.D.

Al H. Thomas, Regina Guy, and Joshua D. Thomas, Memphis, Tennessee, for Appellee Helen Richardson, Individually and on Behalf of her Daughter and the Minor Children of Trina Richardson.

## OPINION

Trina Richardson, the daughter of Plaintiff/Appellee Helen Richardson ("Richardson"), died on January 19, 2000, allegedly due to negligent medical treatment. On January 19, 2001, Richardson filed a medical malpractice lawsuit, individually and on behalf of her daughter and her daughter's children, in the General Sessions Court of Shelby County against the following named defendants: Methodist Healthcare Memphis ("Methodist Healthcare"), University of Tennessee Medical Group ("UTMG"), Shelby County Health Care Corporation d/b/a Regional Medical Center ("The Med"), Claro F. Diaz, M.D. ("Dr. Diaz"), Patrick Malone, M.D. (Dr. Malone"), David Jerden, M.D. ("Dr. Jerden"), Michael Washington, M.D. ("Dr. Washington"), Daniel Brookoff, M.D. ("Dr. Brookoff"), Tracie Walker, M.D. ("Dr. Walker"), and John Wickman, M.D. ("Dr. Wickman"). At that time, the individual defendants could not be located, so only the institutional defendants were served with process.

On April 23, 2001, the General Sessions Court entered an order dismissing the lawsuit for lack of prosecution. Apparently, at the time this order was entered, the General Sessions Court was unaware that the individual defendants had not yet been served; consequently, entry of the April 23, 2001 order of dismissal was in error. On May 8, 2001, the General Sessions Court entered a consent order, by agreement of the institutional defendants, setting aside the order of dismissal. Between October 10 and December 11, 2001, the individual defendants were served with process. On

December 14, 2001, Richardson voluntarily nonsuited her General Sessions lawsuit, and the General Sessions Court entered a consent order of dismissal without prejudice.

On June 26, 2002, Richardson filed this action in the Circuit Court below. In the complaint, Richardson averred that the General Sessions lawsuit had been nonsuited on December 4, 2001,[1] again asserting medical malpractice claims against the same defendants, arising out of Richardson's death,[2] and that the lawsuit was timely because it was filed within one year of that date under the Tennessee Savings Statute.[3] The defendants filed motions for summary judgment based on the statute of limitations, arguing that Richardson was required to refile the lawsuit within one year of April 23, 2001, the date of the order of dismissal for lack of prosecution entered by the General Sessions Court. The defendants argued that the General Sessions Court was without authority to set aside its judgment, even though the parties had agreed to the order setting aside the judgment. Therefore, the defendants maintained, the May 8 and December 14, 2001 orders of the General Sessions Court, though consensual, were void.

On February 13, 2002, the Circuit Court conducted a hearing on the defendants' motions for summary judgment. At the conclusion of the hearing, the Circuit Court denied the defendants' motions for summary judgment. The Circuit Court reasoned that it would favor "substance over form and say that the General Sessions judge, having realized his error, corrected that error . . . . I think under these circumstances the statute was [tolled] by pointing out to the General Sessions judge the error in granting a judgment without the case being at issue. . . ." On February 27, 2004, the Circuit Court entered a written order consistent with its oral ruling.

On the same day that the Circuit Court entered its written order, this Court filed its opinion in *Caldwell v. Wood*, No. W2003-00303-COA-R3-CV, 2004 WL 370299 (Tenn. Ct. App. Feb. 27, 2004), holding that the General Sessions Court did not have the authority to set aside its own

---

[1] It was actually nonsuited on December 14, 2001.

[2] Robert Neal Aguillard, M.D. ("Dr. Aguillard"), named in the Circuit Court complaint below, was not named as a defendant in the General Sessions Court action.

[3] Under the Tennessee Savings Statute, Tennessee Code Annotated § 28-1-105, a plaintiff has one year in which to bring an action. That statute provides:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105 (2000).

judgment. On March 5, 2004, the defendants filed a motion asking the Circuit Court to reconsider its ruling in light of *Caldwell* or, in the alternative, to grant the defendants permission to file an interlocutory appeal. On March 12, 2004, the Circuit Court held a hearing on the defendants' motion. The motion for reconsideration was denied, but the defendants' motion for permission to file an interlocutory appeal was granted.[4] This Court subsequently granted the defendants' request for permission to file an interlocutory appeal.

On appeal, the defendants argue that the trial court erred in denying their motions for summary judgment, again asserting that the plaintiffs' claim is time-barred. We review the trial court's denial of summary judgment *de novo*, with no presumption of correctness. *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 342 (Tenn. 2002). The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Id.*

The defendants again cite *Caldwell*, *supra*, in support of their position in this appeal. In *Caldwell*, the General Sessions Court had entered a default judgment against the defendant on July 12, 2002. Over two weeks later, the defendant filed a motion to set aside the default judgment based on excusable neglect and surprise. On August 27, 2002, the General Sessions Court granted the motion and set the default judgment aside on those bases. *Caldwell*, 2004 WL 370299, at *1. The plaintiffs appealed to the Circuit Court, arguing that the General Sessions Court did not have the authority to set aside its own judgment. Consequently, the plaintiffs asserted, the August 27, 2002 General Sessions Court order was void. The Circuit Court agreed and reversed the order of the General Sessions Court setting aside its order. *Id.* at *1. The Circuit Court further held that, because ten days had elapsed after the July 12, 2002 order without appeal to the Circuit Court, the jurisdiction of the General Sessions Court had ended and the July 12 default judgment order had become final. *Id.* The defendants then appealed. The appellate court agreed with the decision of the Circuit Court, holding that the General Sessions Court was without statutory authority to set aside its own judgment. *Id.* at *2–*3. The appellate court reasoned that Tennessee Code Annotated § 16-15-727, which authorizes the General Sessions Court to "correct" its own judgments, does not authorize the General Sessions Court to set aside its judgment.[5] Therefore, the appellate court affirmed the Circuit Court's decision to reverse the General Sessions Court's order setting aside its own judgment. *Id.* at *3.

Similarly, in *Jackson Energy Auth. v. Diamond*, No. W2004-01090-COA-R3-CV, 2005 WL 123499 (Tenn. Ct. App. Jan. 20, 2005), the General Sessions Court entered a judgment in favor of the plaintiff on July 28, 2003. On August 1, 2003, the defendant filed a petition to rehear, seeking

---

[4]The defendants who are represented on appeal are Dr. Malone, Dr. Jerden, Dr. Walker, Dr. Diaz, Dr. Washington, Methodist Healthcare, and The Med.

[5]Effective July 1, 2004, Section 16-15-727 was amended to provide that Tennessee Rule of Civil Procedure 60 is applicable to General Sessions Courts, giving the General Sessions Courts the same authority to set aside judgments as courts of record. *See* Tenn. Code Ann. § 16-15-727 (Supp. 2004). This amended statute, however, is not applicable in the instant case.

to have the judgment set aside. On August 6, 2003, the General Sessions Court denied the petition to rehear. On August 18, 2003, the defendant filed a notice of appeal for *de novo* review to the Circuit Court. The Circuit Court dismissed the appeal because it was filed more than ten days after the original order was entered on July 28, 2003. *Jackson Energy Auth.*, 2005 WL 123499, at *2. The appellate court affirmed that decision. The court reasoned that, under the holding in *Caldwell*, a General Sessions Court does not have the authority to set aside its own judgments. Therefore, the petition to rehear did not toll the running of the ten-day statute of limitations, because the General Sessions Court was without authority to grant the relief sought. *Id.* at *4.

Clearly, the reasoning in *Caldwell* and *Jackson Energy Authority* is applicable here. In this case, the General Sessions Court entered an order dismissing the action on April 23, 2001. On May 8, 2001, the General Sessions Court attempted to set aside its April 23 order because all of the defendants had not been served with process. However, after the General Sessions Court entered the order dismissing the case, for lack of prosecution, the General Sessions Court was without jurisdiction to act further, and its subsequent orders were void. *See Caldwell*, 2004 WL 370299, at *2–*3 (quoting *Travelers Indem. Co. v. Callis*, 481 S.W.2d 384, 385 (Tenn. 1972) ("When a . . . General Sessions Court renders judgment in a case and adjourns, the court is at an end, and the court has no further power over it except what the statutes give.")). Therefore, the one-year time period under the savings statute for Richardson to refile her lawsuit began to run on the date the General Sessions order of dismissal for lack of prosecution was entered, on April 23, 2001. *See* Tenn. Code Ann. § 28-1-105 (2000). Consequently, the lawsuit below, filed on June 26, 2002, was time-barred.

Richardson argues that the April 23, 2001 General Sessions order was entered by mistake, a mistake that was acknowledged by the defendants who signed the consent order to set the April order aside. It would be unfair, Richardson argues, for the parties who signed the consent order to now claim that the action is barred by the statute of limitations. However, the General Sessions Court was without jurisdiction to act after the April 23, 2001 order of dismissal was entered. It is well settled that parties cannot confer subject matter jurisdiction on a court by consent where jurisdiction did not exist. *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140–41 (Tenn. Ct. App. 2001); *see also Jones v. State*, No. E2004-00780-COA-R3-CV, 2005 WL 589816, at *3 (Tenn. Ct. App. Mar. 14, 2005); *Rogers v. State*, No. M2003-00215-COA-R3-CV, 2003 WL 22146120, at *1 (Tenn. Ct. App. Sept. 18, 2003). Consequently, the plaintiffs' lawsuit in the Circuit Court below must be dismissed.

The decision of the trial court is reversed, and the cause is remanded for entry of an order of dismissal. Costs on appeal are to be taxed to Appellee Helen Richardson, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE