IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, November 2, 2009

## R&F ENTERPRISES, INC., v. MIKE PENNY, d/b/a INTEGRATED ELECTRICAL CONCEPTS, INC.

**Appeal from the Circuit Court for Hamilton County**
**No. 08C1190      Hon. W. Jeffrey Hollingsworth, Judge**

**No. E2009-00007-COA-R3-CV - FILED FEBRUARY 22, 2010**

The Sessions Court set aside plaintiff's default judgment based on Tenn. R. Civ. P. Rule 60 motion. On appeal to the Circuit Court the original judgment was ordered reinstated and the order setting aside the judgment in Sessions Court was vacated. On appeal, we affirm the judgment of the Trial Court on the grounds that the Sessions Court Judge did not have jurisdiction to set aside the original default judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Valerie W. Epstein, Chattanooga, Tennessee, for the appellant, Integrated Electrical Concepts, Inc.

Carol M. Ballard, Chattanooga, Tennessee, for the appellee, R & F Enterprises, Inc.

**OPINION**

Plaintiff filed this action in General Sessions Court against defendant, asserting that the defendant had been possessing property belonging to plaintiff on an oral lease, and owed unpaid rent of $36,000.00. The summons reflects that it was served on defendant, and that a default judgment

was entered for plaintiff for $36,000.00. Approximately one month later, defendant filed a Motion to Set Aside Judgment and Motion to Stay the Writ of Possession, averring that defendant received no prior notice of the hearing, and received no notice that a judgment and writ of possession had been entered.

Defendant attached an Affidavit of his attorney, wherein she stated that she was defendant's attorney, and that an initial hearing was held on July 14, 2008, at which time counsel for both parties met and discussed settlement options. The attorney stated that it was agreed at the time to work on a settlement, and that defendant would send plaintiff a buy-out. The attorney stated that a buy-out was sent to plaintiff's counsel on July 21, 2008, and that she did not receive any notice that a hearing had been reset thereafter, nor that judgment was entered until she called the court on August 25, 2008. Defendant attached a copy of the letter sent to plaintiff's counsel on July 21, 2008, with a proposal of $221,278.76 for being bought out.

The Sessions Court entered an Order Setting Aside Judgment and Dissolving the Writ of Possession. Defendant then filed a counterclaim, seeking damages of $116,913.47. A hearing was held on September 8, 2008, and judgment was entered for plaintiff for past due rent in the amount of $25,200.00, plaintiff was granted possession of the property, and no relief was granted on defendant's counterclaim. Defendant then appealed to Circuit Court.

In Circuit Court plaintiff filed a Motion to Dismiss or in the Alternative, to Set Case for Trial. Plaintiff also filed an Affidavit of Bill Pemerton, who stated that he was plaintiff's counsel, and that at the hearing on July 14, 2008, the parties met and attempted to negotiate a resolution, and defendant agreed to produce a buyout proposal on or before July 18, 2008. The affidavit stated that the hearing was continued to July 28, 2008, at that time. Pemerton further stated that he did not receive any proposal before the July 18 deadline, so he prepared for the July 28 hearing.

Plaintiff attached a copy of the docket for July 28 showing the case was scheduled, and showing that the docket sheet was released on July 25. A court printout was also attached showing an entry on July 14 which states the hearing was continued until July 28. Plaintiff also attached a copy of the letter received from defendant's counsel with the buy out proposal, which is dated July 21, 2008.

The Trial Court entered an Order granting plaintiff's motion to dismiss, and the Court found that pursuant to Tenn. Code Ann. §16-15-727, the General Sessions Court can relieve a party from a final judgment in accordance with Rule 60, but the motion seeking such relief must be filed within ten days of the judgment. The Court further ruled that the General Sessions Court had no authority to hear defendant's motion in this case, as it was not filed within ten days of the judgment, and that the July 28 judgment was final, and remanded the case for execution on that judgment.

Defendant has appealed to this Court, raising the issue of whether the Trial Court properly set aside the General Sessions Court's judgment granting relief from its earlier default judgment?

General Sessions Courts are creatures of statute and their authority is derived therefrom; thus,

the procedures set forth in the statutes governing the General Sessions Courts must be followed as written. *See, e.g.*, *J.W. Gibson Co. v. Eagle Instruments, Inc.*, 1999 WL 552879 (Tenn. Ct. App. July 28, 1999). Prior to 2007, the General Sessions Courts could only correct clerical mistakes in judgments, but had no power to set a prior judgment aside. Tenn. Code Ann. §16-15-727. *Also see, Jackson Energy Authority v. Diamond*, 181 S.W.3d 735 (Tenn. Ct. App. 2005); *Richardson v. Methodist Healthcare Memphis*, 2005 WL 1541868 (Tenn. Ct. App. June 30, 2005); and *Caldwell v. Wood,* 2004 WL 370299 (Tenn. Ct. App. Feb. 27, 2004). Tenn. Code Ann. §16-15-727 was amended in 2007, and the General Sessions Courts can now set a prior judgment aside in accordance with Tenn. R. Civ. P. 60.02. However, a motion seeking such relief must be filed within 10 days from the date of the judgment.

In this case, defendant's motion seeking to set the General Sessions default judgment aside was not filed within 10 days of the judgment. Defendant's argument is that this is somehow excusable because no notice of the hearing was sent, but defendant had notice that the lawsuit was pending, had appeared for one hearing, and had sought a continuance to pursue settlement, and then failed to appear for the later hearing after sending an offer of settlement. Defendant obviously knew of the July 28 hearing date, and did not refute knowledge of same, and cannot now claim a lack of notice.

Assuming *arguendo* defendant's argument has merit, which we do not concede, the General Sessions Court was without authority to set aside the Judgment as found by the Trial Court, because the Motion for Release was not filed within the statutory period. Tenn. Code Ann. §16-15-727.[1]

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Mike Penny.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] Defendant also argues that the Circuit Court could not "go behind" the Sessions Court judgment and reinstate the earlier default judgment. This argument is without merit, because earlier cases demonstrate where the Sessions Court acted without jurisdiction, and the Circuit Court could reinstate the earlier Judgment in Sessions Court. *See Jackson*, *Richardson*, and *Caldwell*.