FILED

04/07/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2025

## HARPETH FINANCIAL SERVICES LLC v. COREY MONTEZ LEA, SR.

**Appeal from the Circuit Court for Davidson County**
No. 24C2803 Clifton David Briley, Judge
_____

**No. M2025-00389-COA-R3-CV**
_____

The plaintiff filed an action in the Davidson County general sessions court to recover the balance of an unpaid loan from the defendant. An agreed final order was entered in favor of the plaintiff. Approximately six months later, the defendant filed a motion to set aside the judgment based on an alleged fraudulent misrepresentation perpetrated by the plaintiff. The general sessions court denied the motion. The defendant appealed the denial to the Davidson County circuit court. The plaintiff filed a motion to dismiss the appeal. The circuit court held that because the defendant had failed to file the motion to set aside within the ten-day statutory period outlined in Tennessee Code Annotated section 16-15-727(b), the general sessions court had correctly dismissed the motion as it lacked jurisdiction to set aside the judgment. Likewise, the circuit court held that it lacked jurisdiction to hear an appeal on the merits as an appeal had not been timely filed. The defendant appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Corey Montez Lea, Sr., Arrington, Tennessee, Pro Se.

John R. Cheadle, Jr. and Mary B. Cheadle, Nashville, Tennessee, for the appellee, Harpeth Financial Services LLC.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Harpeth Financial Services LLC, ("Harpeth Financial") filed a civil warrant against

Corey Montez Lea, Sr. on October 30, 2015, in the Davidson County general sessions court. Harpeth Financial sought to recover $2,931 for an unpaid loan and $810.33 in attorneys' fees. Harpeth Financial made several attempts at service and eventually served Mr. Lea on January 11, 2024. Prior to a trial taking place, the parties agreed that Mr. Lea would pay the debt in monthly installments. Harpeth Financial's counsel later appeared before the court and announced this agreement. The general sessions court then entered an order in favor of Harpeth Financial on May 2, 2024. The order stated that it was by "[a]greement of the parties." Shortly thereafter, Mr. Lea remitted his first scheduled payment. However, he failed to make subsequent payments, and Harpeth Financial later filed a bank garnishment. Mr. Lea filed an "affidavit of claim of exemptions" and a motion to quash the garnishment on July 31, 2024. The parties appeared for a hearing on the motion to quash on August 7, 2024, and it was subsequently denied.

On October 30, 2024, Mr. Lea filed a motion to set aside the final order pursuant to Tennessee Rule of Civil Procedure 60.02. He claimed that he had neither consented to the entry of the order nor signed it. Rather, he claimed that the order had been entered based on a fraudulent misrepresentation of Harpeth Financial. He also cited section three of Tennessee Rule of Civil Procedure 60.02, which permits a court to set aside a void judgment. He did not explain what rendered the judgment void. The general sessions court entered an order denying the motion to set aside on November 6, 2024.

On November 18, 2024, Mr. Lea filed an appeal in the Davidson County circuit court.[1] Harpeth Financial filed a motion to dismiss the appeal on January 30, 2025. It claimed that the motion to set aside had not been timely filed because Tennessee Code Annotated section 16-15-727(b) requires a motion to set aside filed in a general sessions court to "be filed within ten (10) days of the date of judgment." Mr. Lea did not file the motion to set aside until approximately six months after the general sessions court had entered the final order. Likewise, Harpeth Financial claimed that the period in which to appeal the final order had passed, and therefore, the circuit court was without jurisdiction to hear an appeal on the merits. *See* Tenn. Code Ann. § 27-5-108(a)(1). Mr. Lea filed a response in opposition to the motion to dismiss the appeal. He claimed that, while he had agreed to make the requested payments, he had not agreed to have a judgment entered against him. He again noted that he had not signed the order. He also claimed that the general sessions court violated Tennessee Rule of Civil Procedure 58 by "not rul[ing] on the fraud claim [but] just overall dismiss[ing] the motion to set aside without an opinion." The circuit court held a hearing on the matter and entered an order granting the motion to dismiss on February 18, 2025. The circuit court found that because Mr. Lea failed to file the motion to set aside within ten days of the general sessions court entering the order, the

---

[1] Typically appeals from general sessions to circuit court must be filed within ten days of the entry of the judgment. *See* Tenn. Code Ann. § 27-5-108(a)(1). However, the tenth day after the entry of the order denying the motion to set aside was a Saturday. Mr. Lea filed an appeal the following Monday. Therefore, his appeal to circuit court was timely.

general sessions court "lacked jurisdiction to set aside the final judgment." *See* Tenn. Code Ann. § 16-15-727(b). Likewise, the circuit court determined that it "also lack[ed] jurisdiction, as [Mr. Lea] did not file a timely appeal of the judgment." *See* Tenn. Code Ann. § 27-5-108(a)(1). Mr. Lea filed this appeal.

## II. ISSUES PRESENTED

The appellant has presented the following issues on appeal, which we have slightly reframed and reordered:

1. Whether the circuit court erred by holding that Mr. Lea's motion to set aside was not timely filed.
2. If so, whether the circuit court erred by failing to grant the motion to set aside.
3. Whether Mr. Lea's due process rights were violated by the failure of Harpeth Financial and/or the circuit court to serve him with the motion to dismiss the appeal, or the failure to alert him to an impending hearing on the motion.

For the following reasons, the judgment of the circuit court is affirmed.

## III. DISCUSSION

To begin, we acknowledge that Mr. Lea is proceeding pro se in this appeal. A pro se litigant is "entitled to fair and equal treatment by the courts." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Courts are to consider "that many pro se litigants have no legal training and little familiarity with the judicial system." *Id.* Accordingly, a pro se litigant who is untrained in the law is granted "a certain amount of leeway in drafting [his or her] pleadings and briefs." *Id.* Therefore, we will scrutinize the documents submitted by Mr. Lea "less stringent[ly]" than had they been submitted by an attorney. *Id.* Courts are to "give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." *Id.* at 904. However, the balance of fairness to the pro se litigant and the pro se litigant's adversary must be maintained. *Id.* at 903. These rules do not permit a pro se litigant "to shift the burden of the litigation to the courts or to their adversaries." *Id.* at 904. Further, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* at 903.

Turning now to Mr. Lea's arguments, it appears that nothing in his brief concerns the portion of the circuit court's ruling which held the "agreed order" was not appealable because it had been entered more than ten days before the case was appealed to the circuit court. *See* Tenn. Code Ann. § 27-5-108(a)(1). As such, we do not address that ruling. Instead, Mr. Lea argues that the motion to set aside was timely filed and should have been granted based on fraud perpetrated by Harpeth Financial. Mr. Lea's argument concerns the disposition of a motion to set aside a judgment pursuant to Tennessee Rule of Civil

Procedure 60.02. Rule 60.02 states that:

> the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. "In general, [appellate courts] review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 . . . pursuant to the abuse of discretion standard." *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015). However, appellate courts "apply *de novo* review, with no presumption of correctness, when reviewing a trial court's ruling on a Tennessee Rule 60.02(3) motion to set aside a judgment as void." *Id.* at 269.

This motion to set aside was filed in a general sessions court. Previously, Tennessee courts "held that a general sessions court lacked jurisdiction to set aside a judgment." *Tennessee Prot. Agency, Inc. v. Mathies*, No. M2009-01775-COA-R3-CV, 2010 WL 2889316, at *2 (Tenn. Ct. App. July 23, 2010) (citing *Richardson v. Methodist Healthcare Memphis*, No. W2004-00773-COA-R9-CV, 2005 WL 1541868, at *3-4 (Tenn. Ct. App. June 30, 2005); *Caldwell v. Wood*, No. W2003-00303-COA-R3-CV, 2004 WL 370299, at *3 (Tenn. Ct. App. Feb. 27, 2004); *Jackson Energy Auth. v. Diamond*, 181 S.W.3d 735, 739-40 (Tenn. Ct. App. 2005)). "In 2007, however, the legislature enacted Tenn. Code Ann. § 16-15-727(b), authorizing general sessions courts to rule on motions for relief from a judgment pursuant to Tenn. R. Civ. P. 60.02." *Id.* Rule 60.02 permits a motion to set aside a judgment to be filed "within a reasonable time." Tenn. R. Civ. P. 60.02. However, Tennessee Code Annotated section 16-15-727(b) states, "[a] motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment." We have consistently enforced this provision as it is jurisdictional. *See Burns v. State Farm Fire & Cas. Co.*, No. E2019-00044-COA-R3-CV, 2020 WL 1131289, at *5 (Tenn. Ct. App. Mar. 6, 2020) (stating that a party "had ten days, rather than months, in which to [file a motion] to set aside the judgment of the General Sessions Court" and failure to do so left the court without "jurisdiction to amend or set aside its final judgment"); *Mathies*, 2010 WL 2889316, at * 4 (stating that where a party "failed to file a motion to set aside [a] default judgment within ten days, the general sessions court lost jurisdiction to set aside its judgment"); *R & F Enters., Inc. v. Penny*, No. E2009-00007-COA-R3-CV, 2010 WL 624048, at *2 (Tenn. Ct. App. Feb. 22, 2010) (explaining that "the General Sessions Court was without authority to set aside [a] Judgment . . . because the [motion] was not filed within the statutory period").

- 4 -

However, an exception to this general rule exists where the motion to set aside alleges that the judgment is void pursuant to Rule 60.02(3). *See Metro Codes Dep't v. Fani*, No. M2020-00038-COA-R3-CV, 2020 WL 7259180, at *6 (Tenn. Ct. App. Dec. 10, 2020) (stating that "the ten-day timeframe proscribed in Tennessee Code Annotated § 16-15-727(b) was not applicable" where the motion to set aside claimed that the judgment "was void on the basis of lack of proper service of process"); *Apexworks Restoration v. Scott*, No. M2019-00067-COA-R3-CV, 2019 WL 5448698, at *4 (Tenn. Ct. App. Oct. 24, 2019) (holding that "the General Sessions Court did have jurisdiction to rule on [the defendants'] motion to void the default judgments" because "the 10-day requirement in Tennessee Code Annotated section 16-15-727(b) is inapplicable when the basis upon which relief is sought is that" the judgment is void); *see also Turner*, 473 S.W.3d at 279 (holding that a Rule 60.02 motion filed in chancery court was not subject to the "reasonable time" standard typically applicable to motions to set aside because "Rule 60.02 does not abrogate the longstanding rule that void judgments may be attacked at any time"). Therefore, the basis of the motion to set aside is of key importance. If Mr. Lea's motion is predicated solely on fraud, then it was not timely filed as the motion was submitted well after the ten-day period had elapsed. However, if the motion is predicated on the assertion that the judgment was void, then it was not subject to the ten-day requirement and could have been brought at any time.

On appeal, Mr. Lea cites Rule 60.02(2) as the primary basis for relief. He claims that Harpeth Financial made fraudulent misrepresentations to the general sessions court and that there is no evidence contained in the record demonstrating he agreed to the entry of the order.[2] Mr. Lea goes on to claim that "[t]he fraud upon the court by the appellees would also give rise to Rule [60.02(3)]," which is the portion of Rule 60.02 concerning void judgments. However, none of Mr. Lea's arguments actually allege that the judgment was void. He does not argue that the general sessions court lacked jurisdiction or rendered a judgment outside of the pleadings. *See Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013). Rather, he contends that the actions of Harpeth Financial were fraudulent and resulted in the entry of an improper order. The motion to set aside was clearly predicated on purported fraud pursuant to Rule 60.02(2), as the contentions set forth in the brief point exclusively to this ground. Mr. Lea's arguments are predicated solely on allegations that Harpeth Financial misrepresented his statements and actions to the general sessions court in order to receive a favorable judgment. Therefore, as the motion was a Rule 60.02(2) motion, it was subject to the ten-day filing requirement of Tennessee Code Annotated

---

[2] Mr. Lea also cites Tennessee Rule of Civil Procedure 58, which pertains to the process of making the entry of a judgment effective. While this is contained within the argument section of his brief that discusses the purported fraud of Harpeth Financial, it is unclear what argument Mr. Lea attempts to construct based on this rule. Regardless, Tennessee Rule of Civil Procedure 58 does not apply to general sessions courts. *See* Tenn. R. Civ. P. 1 (explaining that "[t]he Rules of Civil Procedure shall not apply to general sessions courts except as follows: . . . The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court").

section 16-15-727(b).  Because the motion to set aside was brought outside of the ten-day period, it was untimely, and the general sessions court did not have subject matter jurisdiction to set aside the judgment.  *See Burns*, 2020 WL 1131289, at *5; *Mathies*, 2010 WL 2889316, at * 4; *R & F Enters.*, 2010 WL 624048, at *2.  Accordingly, the circuit court did not err by dismissing the appeal of the motion to set aside.

Mr. Lea also claims on appeal that his procedural due process rights were violated because Harpeth Financial did not serve him with its "Motion to Dismiss Appeal" filed on January 30, 2025, or with a notice of the hearing which was to take place before the circuit court.  Having found that the general sessions court lacked jurisdiction to consider his motion to set aside the judgment, this issue is pretermitted.

In summary, having reviewed the record, it is clear that Mr. Lea's motion to set aside was predicated on purported fraud by Harpeth Financial, not voidness.  Therefore, the motion was subject to the ten-day filing restriction set forth in Tennessee Code Annotated section 16-15-727(b).  Mr. Lea's failure to file the motion within ten days left the general sessions court without jurisdiction to set aside the judgment.  Accordingly, the ruling of the circuit court is affirmed.

### IV. CONCLUSION

For the foregoing reasons, the ruling of the circuit court is affirmed.  Costs of this appeal are taxed to the appellant, Corey Montez Lea, Sr., for which execution may issue if necessary.

s/ Carma Dennis McGee
CARMA DENNIS MCGEE, JUDGE

- 6 -